**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William L. CHANDLER, Defendant–
Appellant.**

No. 92–3702.

United States Court of Appeals,
Seventh Circuit.

Argued April 16, 1993.

Decided June 21, 1993.

Kit R. Morrissey, Asst. U.S. Atty. and Gerard B. Schneller (argued), Office of the U.S. Atty., Crim. Div., Fairview Heights, IL, for plaintiff-appellee.

Renee E. Schooley, Federal Public Defender and Andrea L. Smith (argued), Office of the Federal Public Defender, East St. Louis, IL, for defendant-appellant.

Before COFFEY, EASTERBROOK and ROVNER, Circuit Judges.

PER CURIAM.

A jury found William Chandler guilty of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), use of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Chandler for the three offenses to respective prison terms of 120 months, 60 months (consecutive), and 78 months (concurrent). On appeal, Chandler argues that the statute and sentencing guideline under which he was sentenced for the distribution of cocaine base violate the Equal Protection Clause of the Fifth Amendment. He also argues that the evidence was insufficient to support the jury's verdict on the distribution charge.

## EQUAL PROTECTION

For the distribution of cocaine base, 21 U.S.C. § 841 establishes mandatory minimum sentences of five years for five or more grams and ten years for 50 or more grams. The statute establishes the same mandatory minimum sentences for 500 grams and five kilograms, respectively, of ordinary cocaine. In other words, one gram of cocaine base is treated the same as 100 grams of cocaine for sentencing purposes. Sentencing Guidelines section 2D1.1(c) implements the statutory mandatory minimums.

■ Chandler challenges the constitutionality of the statute and guideline on the ground that they discriminate against African–Americans. Chandler's equal protection challenge to the facially neutral sentencing scheme is based on a theory of disparate impact. He contends that the 100 to 1 ratio violates the Equal Protection Clause because cocaine base offenses are usually committed by African–Americans and ordinary cocaine offenses are more often committed by whites. Chandler relies on a Sentencing Commission study showing that between April and July,

1992, defendants convicted of cocaine base-related offenses were 92.6% African–American and 4.7% white, whereas defendants convicted of cocaine-related offenses were 29.7% African–American and 45.2% white.[1]

Our review of Chandler's disparate impact claim is governed by *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979). There the Supreme Court held that "even if a neutral law has a disproportionately adverse impact upon a racial minority, it is unconstitutional under the Equal Protection Clause only if that impact can be traced to a discriminatory purpose." *Id.* at 272, 99 S.Ct. at 2293. The defendant must show "that the decisionmaker, in this case [Congress], selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Id.* at 279, 99 S.Ct. at 2296.

Chandler has failed to offer any evidence that either Congress or the Sentencing Commission acted with discriminatory intent when enacting the sentencing scheme. In fact, when asked at oral argument, Chandler's counsel conceded that there is no such evidence. Instead, Chandler posits that "Congress's [sic] reaffirmation (by virtue of its inaction) of this ratio and the sentencing scheme derived from it, in the face of these statistics, must be seen as reflecting such a discriminatory purpose." (Chandler Brief at 8.) But awareness of consequences alone does not establish discriminatory intent. In fact, *Feeney* expressly precludes such an inference when it explains, " '[d]iscriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences." 442 U.S. at 279, 99 S.Ct. at 2296.

Because Chandler has therefore failed to establish discriminatory intent, heightened scrutiny is not required and we must sustain the sentencing scheme as long as it is rationally based. *Id.* at 272, 99 S.Ct. at 2293. We have already found such a rational basis in *United States v. Lawrence*, 951 F.2d 751, 754–56 (7th Cir.1991). In that case, we reviewed the legislative history of section 841, which indicated that Congress was particu-

---

1. Chandler offers similar statistics relating to crimes committed in the Southern District of Illinois and the Eastern District of Missouri, although the source of those statistics is unclear.

larly concerned about cocaine base because it is more addictive, dangerous and readily available than ordinary cocaine. We concluded that the sentencing scheme was rationally related to that concern. *Accord United States v. Harding,* 971 F.2d 410, 413–14 (9th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1025, 122 L.Ed.2d 170 (1993); *United States v. Williams,* 962 F.2d 1218, 1227–28 (6th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 264, 121 L.Ed.2d 194 (1992); *United States v. Thomas,* 900 F.2d 37, 39–40 (4th Cir.1990); *United States v. Cyrus,* 890 F.2d 1245, 1248 (D.C.Cir.1989).

Perhaps Chandler has pursued this appeal for the purpose of challenging *Feeney.* Although he obviously could not bypass this Court in doing so, only the Supreme Court itself can grant Chandler's wish. We are not at liberty to depart from *Feeney*'s mandate and, as other courts have done in similar cases, we must reject Chandler's challenge. *See, e.g., United States v. Lattimore,* 974 F.2d 971, 975–76 (8th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1819, 123 L.Ed.2d 449 (1993); *United States v. King,* 972 F.2d 1259, 1260 (11th Cir.1992); *United States v. Watson,* 953 F.2d 895, 898 (5th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 1989, 118 L.Ed.2d 586 (1992); *United States v. Galloway,* 951 F.2d 64, 65–66 (5th Cir. 1992) (per curiam).

## SUFFICIENCY OF THE EVIDENCE

■ Chandler also argues that the evidence was insufficient to support his conviction for distribution of cocaine base because it did not show that Chandler "ever had control or dominion over the drugs." (Chandler Brief at 9.) That argument is simply untenable. The evidence included Chandler's own admission that the drugs belonged to him. The evidence also revealed that the drugs were found between the passenger seat and door of an automobile in which Chandler occupied the passenger seat, clearly supporting the inference that he exercised dominion over them. The evidence was therefore sufficient to support the jury's verdict.

## CONCLUSION

Chandler has failed to establish either that the statute and guideline under which he was sentenced violate the Equal Protection Clause or that the evidence was insufficient to support the verdict. We affirm both his conviction and his sentence.