21 F.3d 431
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Heberto SALCIDO, Defendant-Appellant.
 No. 93-3040.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 5, 1994.
Decided April 7, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written agreement, Heberto Salcido entered a plea of guilty to one count of conspiracy to distribute 25 kilograms of mixtures containing cocaine in violation of 21 U.S.C. Sec. 841(a)(1). After accepting the plea, the district court sentenced Salcido to 10 years' imprisonment to be followed by five years of supervised release. Salcido's appointed counsel filed a notice of appeal followed by a motion to withdraw pursuant to Circuit Rule 51(a), in which he stated his belief that an appeal would be frivolous. Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). We informed Salcido of his right to respond to the motion, which he did. See Circuit Rule 51(a). Although we find counsel's brief barely sufficient to satisfy the requirements set forth in Edwards,[1] we agree with counsel's conclusion that an appeal would be frivolous. Accordingly, we grant the motion to withdraw and dismiss the appeal. United States v. Williams, 894 F.2d 215, 217 (7th Cir.1990).
 
 
 2
 A guilty plea is valid provided the record reveals that it was entered into knowingly and voluntarily. United States v. Seybold, 979 F.2d 582, 586 (7th Cir.1992), cert. denied, 113 S.Ct. 2980 (1993). At the plea hearing, the district court was required to determine whether Salcido understood the nature of the charge, including each element of the charge, and the possible sentence. Fed.R.Crim.P. 11(c)(1); United States v. Musa, 946 F.2d 1297, 1303 (7th Cir.1991); United States v. Ray, 828 F.2d 399, 422 (7th Cir.1987), cert. denied, 485 U.S. 964 (1988). The district court verified that Salcido understood English and did not need an interpreter. Salcido stated that he had the equivalent of a high school education and he had not taken any alcohol, drugs or medication prior to the plea hearing. The district court confirmed that Salcido had discussed the plea agreement and any possible defenses with his lawyer. Salcido verified that he understood the charges against him and agreed with the government's version of the facts providing the basis for the charge. Salcido also stated that he understood the possible sentence that would be imposed. He indicated that he had read the plea agreement and confirmed that his decision was not the result of threats, force, or promises apart from the plea. Fed.R.Crim.P. 11(d). Nothing in the record suggests that Salcido did not understand the nature of the charges against him or the possible sentence.
 
 
 3
 Rule 11(c)(3) requires the district court to inform the defendant of his right 1) to plead not guilty, 2) to be tried by a jury, 3) to the assistance of counsel, 4) to confront adverse witnesses, and 5) his right against self-incrimination. In accordance with this requirement, the court informed Salcido of his rights at the plea hearing and Salcido confirmed his understanding. The court properly informed Salcido that if he entered a plea of guilty he would waive his right to a jury trial. Fed.R.Crim.P. 11(c)(4). Finally, Salcido was informed that he could not change his plea once it was entered.
 
 
 4
 At sentencing, Salcido is guaranteed the procedural protections provided in Federal Rule of Criminal Procedure 32. Rule 32(a)(1) requires that the court timely provide the defendant with a copy of the presentence report and afford defense counsel an opportunity to state objections to the report and comment on matters relating to the sentence. Defense counsel did receive the report prior to the hearing. Counsel did not object to any factual findings contained in the report. The court addressed the defendant personally and allowed him to add any comments. Fed.R.Crim.P. 32(a)(1)(C). Also, in compliance with Rule 32(a)(2), the court informed Salcido of his right to appeal the sentence.
 
 
 5
 With regard to the sentence imposed, the district court's factual findings are reviewed under a clearly erroneous standard, while interpretations of the Sentencing Guidelines are reviewed de novo. United States v. Jones, 983 F.2d 1425 (7th Cir.1993). The district court may use its own discretion in determining the sentence within the guideline range; therefore, absent an abuse of discretion, the only issue before the court is whether the range has been properly determined. United States v. Beal, 960 F.2d 629, 636 (7th Cir.), cert. denied, 113 S.Ct. 230 (1992).
 
 
 6
 Based on the amount of drugs Salcido conspired to purchase, 25 kilograms, the court found Salcido's offense level to be 34. In consideration of his acceptance of responsibility, the district court granted Salcido a three-level reduction in offense level pursuant to United States Sentencing Guideline Sec. 3E1.1(b). His offense level was thereby reduced to 31. Combining the offense level of 31 with Salcido's criminal history of category one, the court properly determined that the sentencing guideline range was 108-135 months and sentenced Salcido to the mandatory minimum sentence of 120 months. 21 U.S.C. Sec. 841(b) (imposing a mandatory minimum sentence for violations involving five or more kilograms of cocaine or mixtures containing cocaine). We find no error in the district court's application of the Guidelines.
 
 
 7
 Salcido, in his response to counsel's motion to withdraw, contends that the mandatory minimum sentence imposed is unconstitutional. We have previously stated that "[m]andatory minimum sentences are not unconstitutional." United States v. Velasco, 953 F.2d 1467, 1476 (citing Chapman v. United States, 111 S.Ct. 1928-29 (1991)). Nor does the ten year mandatory minimum sentence of Sec. 841(b) violate the Due Process Clause, United States v. Lawrence, 951 F.2d 751, 754-65 (1991), the Equal Protection Clause, United States v. Chandler, 996 F.2d 917, 918-19 (1993), or the Eighth Amendment prohibition against cruel and unusual punishment. United States v. Romo, 914 F.2d 889, 899 (7th Cir.1990), cert. denied, 498 U.S. 1122 (1991). Salcido also raised the concern that there is legislation pending which would repeal the mandatory minimum requirements. However, the conclusion that pending legislation would assist him is speculative at best and does not provide a basis for appeal at this time.
 
 
 8
 Because we find no meritorious issues for appeal, we GRANT counsel's motion to withdraw and DISMISS the appeal as frivolous.
 
 
 
 [1]
 Anders briefs should 1) identify anything in the district court proceedings that "a court or another lawyer might conceivably think worth citing to the appellate court as a possible ground of error," 2) outline an argument that may be made on each ground, and 3) explain why that ground is nonetheless frivolous. Edwards, 777 F.2d at 364. The brief should "[assist ] the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is indeed so frivolous that it may be decided without an adversary presentation." Penson v. Ohio, 488 U.S. 75, 79 (1988) (emphasis added)