59 F.3d 173
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alonzo Ricky HAMPTON, Defendant-Appellant.
 No. 94-2480.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1995.*
Decided June 23, 1995.
 
 Before Bauer, Easterbrook and Manion, Circuit Judges.
 
 ORDER
 
 1
 Defendant-appellant Alonzo Ricky Hampton pleaded guilty to conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. Sec. 846 and was sentenced to 235 months' incarceration and a five year term of supervised release. On appeal, Hampton claims that the Guideline penalty for cocaine base is arbitrary and irrational and that the district court erroneously imposed criminal history points for an Illinois misdemeanor sentence of supervision. We affirm.
 
 
 2
 Hampton contends that the penalties imposed by the Guidelines for cocaine base as opposed to the penalties imposed for "powder" cocaine, and marijuana, are arbitrary and irrational. We have addressed this claim on other occasions and have repeatedly rejected it, see United States v. Jones, No. 94-1909, slip op. at 14-15 (7th Cir. May 22, 1995); United States v. Blanding, Nos. 94-2975, 2976, 2977, slip op. at 2-3 (7th Cir. April 14, 1995); United States v. Chandler, 996 F.2d 917 (7th Cir. 1993); United States v. Lawrence, 951 F.2d 751 (7th Cir. 1991), because the sentencing scheme is rationally related to Congress' particular concerns about the dangers of cocaine base. Id. at 755. We see no reason (and defendant proffers none) for us to reconsider this well-established law.
 
 
 3
 Defendant also claims that the district court erred in awarding him criminal history points based upon a misdemeanor sentence of supervision he received in Illinois for unlawful use of a weapon. See 730 ILCS 5/5-6-1(c). The district court properly awarded the defendant three criminal history points: one point under U.S.S.G. Sec. 4A1.1(c) (prior sentence involving less than sixty days of confinement) and two points under U.S.S.G. Sec. 4A1.1(d) (offense committed while under criminal justice sentence); see generally U.S.S.G. Sec. 4A1.2 (instructions for computing criminal history). That defendant's state charge was later dismissed following successful completion of supervision makes no difference. For purposes of determining criminal history, a dismissed charge following the successful completion of supervision, based upon a guilty plea, is considered a prior sentence under Sec. 4A1.1(c) or a criminal justice sentence under Sec. 4A1.1(d). United States v. Moore, 25 F.3d 563, 569-70 (7th Cir.), cert. denied, 115 S. Ct. 341 (1994); United States v. Stowe, 989 F.2d 261, 262-63 (7th Cir. 1993); see also U.S.S.G. Sec. 4A1.2(f) ("A diversionary disposition resulting from a[n] ... admission of guilt ... is counted ... under Sec.4A1.1(c) even if a conviction is not formally entered...."). Here, as in Moore, we decline Hampton's invitation to revisit this issue and hold that the district court properly counted Hampton's misdemeanor conviction in calculating his criminal history category.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record