UNITED STATES of America, Plaintiff,

v.

Randy BLACKWELL, Defendant.

No. 91 CR 679.

United States District Court,
N.D. Illinois,
Eastern Division.

July 28, 1995.

Susan E. Cox, Asst. U.S. Atty., Chicago, IL, for plaintiff.

Randy Blackwell, pro se.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is the defendant Randy Blackwell's motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the defendant's motion is denied.

### I. BACKGROUND

On December 17, 1991, the defendant pleaded guilty to Count III of a three count indictment, which charged him with distributing a substance containing cocaine base (or "crack") in violation of 21 U.S.C. § 841(a)(1). In the written plea agreement, defendant acknowledged that, as charged in Count III, on or about August 7, 1991, he knowingly and intentionally distributed 98.13 grams of "crack cocaine" to an undercover agent. In exchange for the guilty plea, the government agreed to dismiss Counts I and II of the indictment (charging the defendant with distributing 26.34 grams and 25.57 grams of crack cocaine, respectively) and to recommend a sentence at the low end of the appli-

cable guideline range. At sentencing, this court sentenced the defendant to 121 months imprisonment to be followed by 5 years supervised release.

On April 9, 1992, defendant filed a timely notice of appeal with the Seventh Circuit, challenging the validity of his guilty plea. The Seventh Circuit rejected the challenge and affirmed the conviction, holding that this court did comply with Rule 11 of the Federal Rules of Criminal Procedure.

Defendant then filed the instant motion, a § 2255 motion to vacate, set aside or correct his sentence. Defendant argues that his sentence should be set aside based on: (1) ineffective assistance of counsel; (2) sentence manipulation; and (3) equal protection.

### II. DISCUSSION

In defendant's first claim, he argues that his guilty plea was not knowingly and voluntarily made, based upon counsel's ineffective assistance. Defendant claims that if his counsel had not told him "there was virtually no chance to win his case," he would have insisted on going to trial. In addition, defendant contends that his counsel failed to present evidence of his low intelligence and disadvantaged childhood. This claim is rejected for two reasons. First, defendant has failed to satisfy either prong of the two-part test in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant's attorney's representation did not fall below an objective standard of reasonableness. Counsel's advice as to how he believed the court would view the case was well within the range of competence demanded of attorneys in criminal cases. *Chichakly v. United States*, 926 F.2d 624, 630 (7th Cir.1991). Not only was such advice reasonable, but, in light of the strong evidence against Blackwell and the mandatory minimum sentence he eventually received, it appears that defense counsel's advice benefitted the defendant. Also, with respect to the defendant's background and intelligence level, this court was made aware of these factors. At defendant's plea hearing, his attorney explained that the defendant had educational handicaps and difficulty. To make

sure that the defendant understood the nature and consequences of his plea, this court then asked the defendant about his education, health, and employment. He answered these questions satisfactorily and the court was confident that the defendant could offer a voluntary plea. Consequently, this court finds that defendant's counsel did provide adequate representation. Furthermore, defendant does not meet the prejudice prong. Defendant states merely that he would have gone to trial. The alleged error in not going to trial is prejudicial only if defendant can show that there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Based on the record, the government had a strong case against the defendant, and the defendant offered no evidence to show otherwise. Second, defendant's argument that his guilty plea was not knowingly and voluntarily made is without merit. On direct appeal, the Seventh Circuit held that this court complied with FED. R.CRIM.P. 11. Part d of Rule 11 requires the court to ensure that the plea was voluntary. As the Seventh Circuit found on direct appeal, that was done in this case. Accordingly, defendant's argument based on ineffective assistance of counsel is rejected and the court finds no justification for an evidentiary hearing. *United States v. Taglia*, 922 F.2d 413, 419 (7th Cir.1991).

█ Defendant next argues that the government agents engaged in sentence manipulation. With respect to this issue, the defendant has procedurally defaulted. The defendant never raised the issue on direct appeal and presents no reason for not doing so. Therefore, it must be dismissed. *Theodorou v. United States*, 887 F.2d 1336 (7th Cir.1989). Even if defendant had not defaulted, he still would not be entitled to relief. Sentencing manipulation happens when "the government engages in improper conduct that has the effect of increasing a defendant's sentence." *United States v. Okey*, 47 F.3d 238, 240 (7th Cir.1995). Nothing in the record, however, supports an allegation that the government improperly prolonged its investigation of the defendant in order to obtain an increased sentence. The defendant alleges that the government could have arrested him earlier before he engaged in further criminal conduct. However, this court cannot "impose an obligation on law enforcement agents to 'save the defendant from himself' by arresting him before he has time to complete his planned criminal conduct." *Id.* at 241. Accordingly, the defendant's second argument is also rejected.

█ Finally, defendant alleges that the statute and sentencing guidelines under which he was sentenced violate the Equal Protection Clause. He contends that the treatment of powder and crack cocaine under the guidelines at a 100 to 1 ratio is unconstitutional because cocaine base offenses are usually committed by African–Americans and ordinary cocaine offenses are more often committed by whites. The defendant also has procedurally defaulted on this claim. It was never raised on appeal, and the defendant presents no cause for or prejudice resulting from his failure to do so. Furthermore, the Seventh Circuit has addressed and readdressed the issue and has squarely rejected the equal protection argument. *United States v. Chandler*, 996 F.2d 917, 919 (7th Cir.1993); *United States v. Blanding*, 53 F.3d 773 (7th Cir.1995); *United States v. Jones*, 54 F.3d 1285 (7th Cir.1995). Given that this court is bound by the Seventh Circuit, this court also rejects the argument.

## CONCLUSION

Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.