UNITED STATES of America,
Plaintiff–Appellee,

v.

Marvin SPENCER, Defendant–Appellant.

No. 98–2063.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 8, 1998.

Decided Nov. 13, 1998.

Colin S. Bruce (argued), Office of the United States Attorney, Urbana, IL, for Plaintiff–Appellee.

Eric M. Schwing, Babette P. Salus (argued), Schwing & Salus, Springfield, IL, for Defendant–Appellant.

Before POSNER, Chief Judge, and CUMMINGS and ESCHBACH, Circuit Judges.

POSNER, Chief Judge.

The defendant was sentenced to 106 months in prison for a variety of federal crimes including possession of 4.8 grams of crack cocaine with intent to distribute it, in violation of 21 U.S.C. § 841(a). On appeal he complains that the statute, which for sentencing purposes equates 1 gram of crack cocaine to 100 grams of powdered cocaine, § 841(b), violates the Ninth Amendment to the U.S. Constitution. His brief makes scattered references to other provisions of the Constitution, but they are insufficiently developed to preserve any issues for review. *United States v. Cusimano*, 148 F.3d 824, 828 n. 2 (7th Cir.1998); *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir.1998); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990). Insofar as a claim based on the equal protection clause (more precisely, the implied equal protection component of the Fifth Amendment) might conceivably be teased out of the brief, a claim based either on the disparate impact of the differential

punishment of different types of cocaine on blacks or on the alleged greater zeal with which drug crimes are prosecuted by the U.S. Attorney for the Central District of Illinois (who prosecuted this defendant) than by the U.S. Attorney for the Northern District of Illinois, the claim either is barred by precedent, in the case of the racial disparity, see, e.g., *United States v. Westbrook*, 125 F.3d 996, 1010 (7th Cir.1997); *United States v. Washington*, 127 F.3d 510, 516–17 (6th Cir.1997); *United States v. Burgos*, 94 F.3d 849, 876–77 (4th Cir.1996) (en banc), or is frivolous, in the case of the geographical disparity.

So we confine our discussion to the Ninth Amendment, which provides that the enumeration of rights in the Constitution should not be "construed to deny or disparage others [that is, other rights] retained by the people." The Illinois Constitution contains a provision that has been interpreted to require that punishment be proportional to the gravity of the offense. Ill. Const. 1970, art. I, § 11; *People v. Davis*, 177 Ill.2d 495, 227 Ill.Dec. 101, 687 N.E.2d 24 (Ill.1997). The defendant argues that the disproportionate punishment of crimes involving crack cocaine relative to crimes involving powdered cocaine violates this provision and that the Ninth Amendment prevents the federal Congress from overriding the state constitutional provision.

Contrary to a widespread misunderstanding, the federal drug laws do not punish distributors of crack 100 times more severely than the distributors of powdered cocaine, but 3 to 8 times more severely. U.S. Sentencing Comm'n, *Special Report to the Congress: Cocaine and Federal Sentencing Policy* 145 (Feb.1995); *United States v. Armstrong*, 517 U.S. 456, 478, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (dissenting opinion); *United States v. Frazier*, 981 F.2d 92, 96 n. 9 (3d Cir.1992) (per curiam). But we may assume without having to decide that this disproportion is enough to violate the concept of proportionality in the Illinois Constitution. A number of judges, scholars, and even prosecutors, not to mention the U.S. Sentencing Commission, believe that the punishment for crimes involving crack cocaine is indeed unreasonably disproportionate to the punishment for crimes involving other forms of cocaine. See, e.g., U.S. Sentencing Comm'n, *Special Report to the Congress: Cocaine and Federal Sentencing Policy* (April 1997); U.S. Sentencing Comm'n, *Special Report to the Congress: Cocaine and Federal Sentencing Policy* 196–97 (Feb.1995); *United States v. Smith*, 73 F.3d 1414, 1418–23 (6th Cir.1996) (concurring opinion); Deborah Pines, "Judges Seek Equity in Cocaine Sentences," *N.Y.L.J.*, Sept. 24, 1997, p. 1; David A. Sklansky, "Cocaine, Race, and Equal Protection," 47 *Stan. L. Rev.* 1283 (1995); William Spade, Jr., "Beyond the 100:1 Ratio: Towards a Rational Cocaine Sentencing Policy," 38 *Ariz. L. Rev.* 1233 (1996). But the swelling chorus cannot help this defendant. The Ninth Amendment does not invert the supremacy clause and allow state constitutional provisions to override otherwise lawful federal statutes. Illinois could not by creating a state constitutional right to possess child pornography preempt the federal laws that prohibit such possession.

It has been argued that the Ninth Amendment authorizes federal courts to recognize, as federal constitutional rights, rights not enumerated in the Bill of Rights or elsewhere in the constitutional text, see, e.g., *Griswold v. Connecticut*, 381 U.S. 479, 486–99, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (concurring opinion); John Hart Ely, *Democracy and Distrust: A Theory of Judicial Review* 38 (1980); but see, e.g., *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir.1991), and even that it protects against federal encroachment certain rights possessed by citizens of the states before they entered the Union. See, e.g., Calvin R. Massey, "Federalism and Fundamental Rights: The Ninth Amendment," in 1 *The Rights Retained by the People: The History and Meaning of the Ninth Amendment* 29, 314 (Randy E. Barnett ed.1989). These arguments have not won wide acceptance. And what is entirely clear to us (and to Thomas B. McAffee, "The Federal System as a Bill of Rights: Original Understandings, Modern Misreading's," 43 *Vill. L. Rev.* 17, 149–54 (1998), though the contrary view is argued in Calvin R. Massey, *Silent Rights: The Ninth Amendment and*

*the Constitution's Unenumerated Rights* 124–25 (1995)) is that the Ninth Amendment does not empower the states, by creating *new* state constitutional rights, to truncate the power of Congress under Article I by preempting federal legislation. And so it cannot be used to curtail the sentencing disparity of which the defendant complains.

AFFIRMED.