NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 24, 2007
Decided February 13, 2007

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3286

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 06-CR-0016-C-01 |
| LAMOUNT WILLIAMS, *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

Lamount Williams challenges his 123-month prison sentence for possessing cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1), and for possessing a firearm in connection with a drug trafficking crime, 18 U.S.C. § 924(c). On appeal he argues that the district court failed to adequately address his objection to the sentencing guidelines' treatment of one gram of crack as equivalent to 100 grams of powder cocaine. He further contends that the 100-to-1 ratio renders his sentence unreasonable and unconstitutional. We affirm.

On January 3, 2006, police officers in Madison, Wisconsin, responded to a 911 call reporting an attempted armed robbery. Williams was at the scene and fled

when the police arrived, but he was apprehended. Police found a loaded .22-caliber handgun and 3.09 grams of crack in his pants pocket.

Williams entered into a written plea agreement, in which he admitted to possessing cocaine base with intent to distribute in violation of § 841(a)(1); the advisory guidelines range was 63 to 78 months' imprisonment for that offense. *See* U.S.S.G. § 2D1.1(c)(9). Williams also pleaded guilty to possessing a firearm in connection with a drug trafficking crime, for which a minimum five-year consecutive term was mandated by statute. *See* 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(D)(ii); U.S.S.G. § 2K2.4(b).

At sentencing Williams did not dispute the guidelines calculation on the distribution count, and he conceded that he was subject to the five-year consecutive term for the firearm count. Instead he argued that a prison sentence within the guidelines range would be "too draconian" given the relatively small quantity of crack he possessed; that 18 U.S.C. § 3553(a) justified a lower sentence in his case because he was "born into poverty," had limited contact with his father growing up, and was the father of two children with a third on the way; and that being sentenced to "an additional 40 plus months" because his offense involved crack rather than powder cocaine was unreasonable *per se* and unconstitutional.

The district court rejected Williams's arguments. Relying on the guidelines as advisory and the § 3553(a) factors—-including Williams's age, his extensive criminal history, and the threat he posed to the community—-the district court sentenced Williams to the lowest possible sentence within the guidelines range: 123 months.

Williams argues that the district court failed to properly consider and resolve his sentencing arguments. First, he contends that the district court—-which did not explicitly address his argument concerning the 100-to-1 ratio—-was required to "exercise its discretion by making findings and a ruling" on that issue. Williams, however, argues from the flawed premise that the district court had any discretion to exercise; district courts are obligated to implement the 100-to-1 ratio, *see, e.g.*, *United States v. Miller*, 450 F.3d 270, 275-76 (7th Cir. 2006), and had the district court accepted Williams's invitation to reduce or ignore the ratio, it would have committed reversible error, *see United States v. Jointer*, 457 F.3d 682, 687 (7th Cir. 2006); *Miller*, 450 F.3d at 276. Moreover, the district court's failure to directly respond to Williams's arguments concerning the ratio was not error; sentencing judges can and should pass over in silence clearly frivolous arguments. *See United States v. Gama-Gonzalez*, 469 F.3d 1109, 1111 (7th Cir. 2006); *United States v. Cunningham*, 429 F.3d 673, 678 (7th Cir. 2005).

Second, Williams raises a confusing argument that he must receive a sentence below the guidelines range because § 3553(a) mandates a sentence that is

"sufficient, but not greater than necessary." To the extent that Williams argues that *any* sentence that rests on the 100-to-1 ratio is "greater than necessary," the argument fails for reasons already discussed. He also appears to argue that his sentence was unreasonable because the district court's consideration of the § 3553(a) factors was "rote," but this is incorrect. The district court need not explicitly discuss all of the § 3553(a) factors, but it must show that it has meaningfully considered them, *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005), *cert. denied*, 126 S.Ct. 1182 (2006), and it must articulate the factors that determined the sentence chosen, *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). The district court did this when sentencing Williams; it considered his age, background, criminal history, and family situation, and it cited his ten-year history of carrying guns and dealing drugs and the threat he posed to the community as reasons for its refusal to impose a below-guidelines sentence. Williams advanced no compelling justification for a lower sentence, and the district court's refusal to impose one was not unreasonable.

Finally, Williams's argument that his sentence is unconstitutional because the 100-to-1 ratio violates the constitutional guarantees of due process and equal protection is foreclosed by this court's longstanding precedent. *See Miller*, 450 F.3d at 275; *United States v. Jones*, 54 F.3d 1285, 1293-94 (7th Cir. 1995); *United States v. Chandler*, 996 F.2d 917, 919 (7th Cir. 1993); *United States v. Lawrence*, 951 F.2d 751, 754-56 (7th Cir. 1991).

AFFIRMED.