NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2009
Decided March 18, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2530

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | 07-30094-001 |
| MARK PRITCHARD, *Defendant-Appellant*. | Jeanne E. Scott, *Judge*. |

**O R D E R**

Between July and September 2007, Mark Pritchard sold crack to a confidential source three times. Before Pritchard pleaded guilty to three counts of distributing crack, the government notified him that it was seeking enhanced sentences based upon his prior Illinois conviction for the felony offense of manufacturing and delivering a controlled substance. *See* 21 U.S.C. § 851. That notice increased the statutory maximum for each count to 360 months' imprisonment. *See* 21 U.S.C. § 841(b)(1)(C). The district court sentenced Pritchard to a total of 188 months, the bottom of the guidelines range. Pritchard filed a notice of appeal, but his appointed lawyer now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous issue to pursue.

Counsel's supporting brief is facially adequate, and Pritchard did not respond to our invitation under Circuit Rule 51(b) to comment on counsel's submission. We limit our review to the potential issues identified in counsel's brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Pritchard told counsel that he does not want his guilty pleas set aside, so counsel has appropriately omitted from his *Anders* brief any discussion of the adequacy of the plea colloquy or the voluntariness of Pritchard's guilty pleas. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). The only potential issues identified by counsel concern the guidelines calculations and the reasonableness of Pritchard's overall prison sentence.

In preparing the presentence report, the probation officer found that Pritchard had delivered 3.1 grams of crack for $200 at the first sale and 2.6 grams for $330 at the second. For the third sale, which involved six small packets of crack, the probation officer estimated that the total net weight was 3.9 grams. The crack in only two of the six packets had been weighed at the lab, so the probation officer took the weight for those packets—1.3 grams—and multiplied by three. The probation officer also estimated from an interview with one of Pritchard's suppliers that he was accountable for another 56.7 grams of crack and 184 grams of powder cocaine. The probation officer converted the total amount of crack and cocaine into a common medium, marijuana, which yielded a total weight of 1.3 kilograms and a corresponding base offense level of 30. *See* U.S.S.G. § 2D1.1(c)(4) & cmt. n.10(B), (D). None of these calculations would matter, however, because the probation officer reported that Pritchard had not one, but two, prior convictions in Illinois for a controlled substance offense. Those convictions qualified him as a career offender, which (after a reduction for acceptance of responsibility) increased his total offense level to 31. *See* 21 U.S.C. § 841(b)(1)(C); U.S.S.G. §§ 4B1.1(a), (b), 4B1.2(b), 3E1.1. The career-offender designation also ensured that Pritchard's criminal-history category was VI, *see* U.S.S.G. § 4B1.1(b), thus bringing his recommended imprisonment range to 188 to 235 months. At sentencing the district court adopted these calculations. From this counsel gleans several potential sentencing issues, all of which the district court considered and rejected.

First, counsel briefly mentions that it would be frivolous to argue that the district court erred in finding that Pritchard's final sale involved 3.9 grams of crack. We agree. Our review would be for plain error, *United States v. Soto-Piedra*, 525 F.3d 527, 529 (7th Cir. 2008); *United States v. Artley*, 489 F.3d 813, 821 (7th Cir. 2007), but, more importantly, Pritchard's guidelines range turned on his classification as a career offender, not on the drug quantity, so this discussion is irrelevant. Even so, a sentencing court may estimate the amount of drugs involved in a sale. *See* U.S.S.G. § 2D1.1 cmt. n.12; *United States v. Krasinski*, 545 F.3d 546, 552 (7th Cir. 2008). During the final sale, Pritchard delivered six bags with a total gross weight of 4.4 grams for $300, and forensic testing of two of the bags confirmed they

contained 1.3 grams of crack. Given that Pritchard charged an average of $93 per gram in the first two sales, the district court's estimate for the last sale is not implausible.

Counsel also questions whether Pritchard might argue that the district court erred in finding that he qualified as a career-offender under the guidelines even though the government gave written notice of just one predicate conviction before he pleaded guilty. This contention would indeed be frivolous because the government is required to give notice of prior convictions in advance of a guilty plea only when it seeks to enhance a statutory penalty under 21 U.S.C. § 841(b) and not when it seeks a career-offender designation under U.S.S.G § 4B1.1. *United States v. Galati*, 230 F.3d 254, 263 (7th Cir. 2000).

Next Counsel evaluates whether Pritchard might contend that applying the career-offender guideline violated his right to equal protection because, according to Pritchard, the conduct underlying his Illinois drug convictions might well have constituted a misdemeanor in some other, hypothetical state. Counsel is correct to label as frivolous this potential argument. Geographical disparities in the prosecution of similar conduct raises no equal-protection concern. *United States v. Spencer*, 160 F.3d 413, 414 (7th Cir. 1998).

Finally counsel correctly realizes that a challenge to the reasonableness of Pritchard's overall prison sentence would be frivolous. The term imposed is within the guidelines range and presumed to be reasonable, *see, e.g., United States v. Nitch*, 477 F.3d 933, 937 (7th Cir. 2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and counsel has not suggested any basis for disregarding the presumption in this case.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.