**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 4, 2009
Decided March 19, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-2510

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 06-CR-0016-C-01 |
| LAMOUNT D. WILLIAMS, *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

Two years ago, Lamount Williams appealed his sentence for distributing crack, arguing that the crack/cocaine sentencing disparity was unjust. We initially rejected Williams's challenge but later ordered resentencing after the Supreme Court vacated its judgment and remanded for reconsideration in light of *Kimbrough v. United States,* 128 S. Ct. 558 (2007). At resentencing the district court decreased Williams's sentence for distributing crack by 12 months. Williams now appeals for a second time raising the same arguments he made in his first appeal: that his new sentence is unreasonable and that the guidelines' harsher treatment of crack offenses violates his rights to equal protection and due process.

Because his arguments fare no better the second time around, we affirm Williams's sentence.

**Background**

After receiving a 911 tip reporting an attempted armed robbery, police officers apprehended Williams at the scene and found a handgun and 3.09 grams of crack in his pants pocket. Williams pleaded guilty to possessing crack with intent to distribute and possessing a firearm in connection with a drug trafficking crime. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 924©). In 2006, under the guidelines then in effect, the district court sentenced Williams to 63 months in prison on the crack offense, the bottom of the guidelines range. The firearm offense carried a mandatory five-year consecutive term of imprisonment and so his total sentence was 123 months.

Williams challenged his drug sentence on direct appeal, arguing that the 100:1 crack/cocaine ratio then in existence made his sentence unreasonable and violated his rights to equal protection and due process. *United States v. Williams*, No. 06-3286 (7th Cir. Feb. 13, 2007) (unpublished order). He also contended that the district court had failed to comply with the requirement that his sentence on the drug count be "sufficient, but not greater than necessary." *Id*. We rejected his arguments. *Id*. The Supreme Court vacated that judgment, however, and remanded for further consideration in light of *Kimbrough.* In turn, we remanded to the district court for resentencing. *United States v. Williams*, No. 06-3286 (7th Cir. Mar. 25, 2008) (unpublished order).

At the resentencing hearing in June 2008, the district judge stated that she intended to reduce Williams's sentence, but rejected his request for a below-guidelines sentence:

> I do think that there are serious disparities between the way cocaine sales are treated and the way cocaine base sales are treated and I intend to make some acknowledgment of that in the sentence because the guidelines have been reduced.
>
> But overall, I don't think you qualify for a significant decrease because there is so many other things in your background that make me very concerned about your likelihood of recidivism and the difficulty that you are going to have in leading a life that is crime free when you are out of custody.

The district court then calculated a base offense level of 20 under the revised guideline for crack offenses involving 3 to 4 grams, *see* U.S.S.G. § 2D1.1(c)(10), and reduced that number by 2 levels for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a). Williams's total offense level of 18 combined with his criminal history category of 5 yielded a guidelines range of 51

to 78 months.  After considering the factors set forth in 18 U.S.C. § 3553(a), the court selected a sentence at the bottom of the guidelines range.

**Analysis**

On appeal Williams recycles the arguments we rejected in his earlier appeal.  His first argument rests on the so-called "parsimony provision" of 18 U.S.C. § 3553(a), which provides that a sentencing court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." (Paragraph (2) contains the well-known sentencing factors.)  According to Williams, the district court gave him a sentence "greater than necessary" simply because he did not receive the significantly lower sentence that he requested.  This argument cannot help Williams.  The parsimony provision is nothing more than a command to choose a reasonable sentence, *see United States v. Ministro-Tapia*, 470 F.3d 137, 142-43 (2d Cir. 2006), and a properly calculated guidelines sentence is presumed reasonable, *see Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Arceo*, 535 F.3d 679, 687 (7th Cir. 2008).  Moreover, "[i]t will be the rare case in which a within-the-range sentence can be found to violate the parsimony principle." *United States v. Turbides-Leonardo*, 468 F.3d 34, 41 (1st Cir. 2006).  At the resentencing hearing, the district court considered Williams's extensive criminal history, the need to deter his future criminal conduct, and the need to protect the public from further crime.  *See* 18 U.S.C. § 3553(a).  That is enough to comply with the parsimony provision.  *Ministro-Tapia*, 470 F.3d at 141-43.  Williams seems to believe that § 3553(a) required the district court to impose whatever sentence he requested so long as it too was "sufficient," but this contention is meritless; the question of what sentence is "sufficient" is committed to the district court's discretion, not the defendant's own assessment.

Williams's second argument is equally unavailing.  He contends that even the revised guideline for crack offenses involving the amount he distributed—a ratio of 20:1—violates his rights to equal protection and due process.  We have not addressed this type of argument post-*Kimbrough* or since the new version of § 2D1.1 became effective.  However, we have repeatedly rejected constitutional challenges to the 100:1 crack/cocaine ratio under the old version of § 2D1.1.  *United States v. Williams*, 495 F.3d 810, 820 (7th Cir. 2007); *United States v. Spencer*, 160 F.3d 413, 413-14 (7th Cir. 1998); *United States v. Westbrook*, 125 F.3d 996, 1010 (7th Cir. 1997).  And *Kimbrough* holds only that a district court may, in its discretion, differ with the ratio selected by the Sentencing Commission.  *Kimbrough*, 128 S. Ct. at 575; *United States v. House*, 551 F.3d 694, 700-01 (7th Cir. 2008).  Nothing in *Kimbrough* or the amended drug guideline alters the constitutionality of disparate sentences for crack and cocaine offenders.  Because Williams's arguments are without merit, we affirm his sentence.

AFFIRM.