**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 07a0729n.06**
**Filed: October 10, 2007**

**No. 06-4372**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JASON DAVID-COLEMAN MUSE, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BOGGS, Chief Judge; MARTIN and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Jason David-Coleman Muse appeals his 110-month sentence for crack-cocaine distribution on two grounds: (1) that the 100-to-1 crack-to-cocaine weight ratio is unconstitutional and (2) that his sentence is unreasonable. Because the Sixth Circuit has repeatedly turned aside constitutional challenges to the crack-to-cocaine guidelines ratio and because the sentence was procedurally and substantively reasonable, we affirm.

I.

During the early morning hours of April 26, 2005, the Columbus Police Department received a report identifying a stolen Pontiac Sunfire parked at a Sunoco gas station. A Columbus police officer responded to the call, approached the Pontiac and ordered the two occupants—Willie Johnson III in the driver's seat and Muse in the rear passenger seat—to put their hands in the air.

Police backup arrived, and the officers removed Johnson and Muse from the car, arrested them and placed them in different police cars. When an officer returned to inspect the stolen Pontiac, he observed, in plain sight on the floorboard behind the driver's seat, a Heritage .22 caliber "Rough Rider" revolver and a bag later determined to contain 11.4 grams of crack cocaine. JA 143.

A grand jury indicted Muse on six narcotics and firearms offenses from three different incidents, including Muse's April 26 arrest. Counts 1 through 4 arose out of separate arrests, and the district court dismissed them before trial. Counts 5 and 6 arose out of the April 26 incident. Muse pleaded not guilty to Count 5—possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii)—and to Count 6—possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). A jury found Muse guilty of the drug count and not guilty of the firearm count.

At the sentencing hearing, the court considered several of Muse's objections to the presentence report. Agreeing with Muse, it rejected the report's recommended two-level enhancement for possession of a firearm. The court also agreed with Muse that the report's recommended criminal history category (VI) was too high and reduced it one level. The court considered and rejected Muse's other objections, including his request for a departure based on his acceptance of responsibility, on his status as a "small time drug dealer[]," JA 110, on his family ties and responsibilities, on his residence in a dangerous, crime-ridden neighborhood and on the court's application of the 100-to-1 weight ratio of crack to cocaine. The court in the end calculated a guidelines range of 110–137 months and sentenced him at the bottom of the range.

II.

Muse argues that the 100-to-1 ratio violates the United States Constitution and that his sentence is unreasonable. We disagree on both fronts.

A.

In arguing that the 100-to-1 ratio violates the Constitution, Muse invokes the Cruel and Unusual Punishment Clause of the Eighth Amendment and the Due Process Clause of the Fifth Amendment, which as a matter of reverse incorporation picks up the equal-protection guarantees of the Fourteenth Amendment. *See Bolling v. Sharpe*, 347 U.S. 497, 499–500 (1954). This court, however, already has rejected these constitutional arguments. *See United States v. Blair*, 214 F.3d 690, 702 (6th Cir. 2000) ("The law is well settled in this circuit that the 100:1 ratio withstands constitutional scrutiny."); *see also United States v. Bingham*, 81 F.3d 617, 630–31 (6th Cir. 1996) (rejecting equal-protection challenge); *United States v. Hill*, 79 F.3d 1477, 1488–89 (6th Cir. 1996) (rejecting Eighth-Amendment and equal-protection challenges); *United States v. Williams*, 962 F.2d 1218, 1227 (6th Cir. 1992) (rejecting equal-protection challenge); *United States v. Pickett*, 941 F.2d 411, 418 (6th Cir. 1991) (rejecting substantive-due-process challenge).

Nor is this court alone. Every court of appeals to address the issue has upheld the ratio in the face of similar constitutional challenges. *See, e.g.*, *United States v. Singleterry*, 29 F.3d 733, 740–41 (1st Cir. 1994); *United States v. Moore*, 54 F.3d 92, 96–99 (2d Cir. 1995); *United States v. Frazier*, 981 F.2d 92, 95–96 (3d Cir. 1992); *United States v. D'Anjou*, 16 F.3d 604, 612 (4th Cir. 1994);

*United States v. Watson*, 953 F.2d 895, 897–98 (5th Cir. 1992); *United States v. Chandler*, 996 F.2d 917, 918–19 (7th Cir. 1993); *United States v. Lattimore*, 974 F.2d 971, 975–76 (8th Cir. 1992); *United States v. Coleman*, 24 F.3d 37, 38–39 (9th Cir. 1994); *United States v. Robinson*, 978 F.2d 1554, 1565 (10th Cir. 1992); *United States v. King*, 972 F.2d 1259, 1260 (11th Cir. 1992); *United States v. Johnson*, 40 F.3d 436, 439–41 (D.C. Cir. 1994). Like the district court, we see no tenable basis for distinguishing these cases or otherwise resisting their application here.

B.

Also unavailing is Muse's challenge to the procedural and substantive reasonableness of his sentence. Plain-error review, as an initial matter, applies to Muse's procedural challenge. After announcing the proposed sentence, the district court said: "This is the opportunity for the parties to have objections to the sentences I've imposed." JA 137. Muse's counsel responded, "Your Honor, I believe it's a lawful sentence. I have no objection." *Id.* Under *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004), when the district court gives the parties an opportunity to raise an objection to any procedural aspect of its sentencing decision—such as resolving all disputes over the presentence report or addressing a party's arguments for a lower or higher sentence—and the party raises no such objection, we review later procedural challenges to the sentence by that party for plain error. *See United States v. Clark*, 469 F.3d 568, 570–71 (6th Cir. 2006). To establish plain error, Muse must show "(1) error, (2) that is plain, and (3) that affect[s] substantial rights and that (4) the error seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings."

No. 06-4372
*United States v. Muse*

*United States v. Brock*, Nos. 05-6621, 05-6622, 05-6623, 05-6645, __ F.3d __, 2007 WL 2492375, at *9 (6th Cir. Sept. 6, 2007) (internal quotation marks omitted) (alterations in original).

The district court did not commit plain error. It appreciated the advisory nature of the guidelines, correctly calculated the range, considered the guidelines range along with the other relevant Section 3553(a) factors, *see* JA 136–37 ("[T]he sentence is not based . . . solely on the advisory guidelines."), and addressed Muse's arguments, *see* Muse Br. at 4 (acknowledging that the court "considered but denied" his objection to the use of the crack-to-cocaine ratio). The court thus satisfied the procedural requirements of post-*Booker* sentencing—and thus did not commit error, much less plain error. *See United States v. Davis*, 458 F.3d 491, 495 (6th Cir. 2006).

Muse also falls short in challenging the substantive reasonableness of his within-guidelines sentence of 110 months. When the independent views of a district court judge and the views of the Sentencing Commission align—as they do when the judge agrees that the advisory guidelines range is appropriate—we grant this "double determination" a presumption of reasonableness. *Rita v. United States*, 127 S. Ct. 2456, 2463 (2007); *see United States v. Poynter*, 495 F.3d 349, 356 (6th Cir. 2007). That presumption has not been rebutted here. *See Rita*, 127 S. Ct. at 2463.

The most that Muse can do is to argue that the 100-to-1 ratio is inappropriate. But, in doing so, he does not argue that the ratio is substantively unreasonable in *his* case. He instead argues that the ratio is unreasonable in all cases, in other words, to all "African American[s] and other impoverished minority citizens." Br. at 17. That does not suffice. *See United States v. Jones*, 489

- 5 -

F.3d 243, 253 (6th Cir. 2007) (upholding as reasonable a within-guidelines sentence applying the 100-to-1 crack-to-cocaine ratio where the defendant "has not demonstrated that the 100:1 ratio was unreasonable in his case") (internal quotation marks omitted); *see United States v. Gipson*, 425 F.3d 335, 337 (7th Cir. 2005) ("Given the fact that we have routinely upheld the differential against constitutional attack . . . it would be inconsistent to *require* the district court to give a nonguideline sentence based on that differential."). The district court did not abuse its discretion in imposing this within-guidelines sentence.

III.

For these reasons, we affirm.