NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0668n.06
Filed: November 4, 2008

**No. 07-3611**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| ANDRE MARTIN, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: SILER and MCKEAGUE, Circuit Judges; LUDINGTON, District Judge.[*]

**PER CURIAM**. Defendant Andre Martin appeals his conviction and sentence imposed by the

district court following his guilty plea to the charges of possession of cocaine base (crack) with intent

to distribute in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(A) and being a felon in possession

of a firearm in violation of 18 U.S.C. § § 922(g)(1) and 924. He argues that the district court erred

when it denied his motion to suppress, that the United States (the "Government") breached the oral

plea agreement when it failed to move for a downward departure based on substantial assistance

under USSG **§** 5K1.1, and that the mandatory minimums in 21 U.S.C. § 841 are unconstitutional

---

[*]The Honorable Thomas L. Ludington, United States District Judge for the Eastern District
of Michigan, sitting by designation.

because of the 100-to-1 crack/powder cocaine disparity. Martin also filed a supplemental pro se brief which raised three additional issues. For the following reasons, we AFFIRM.

## BACKGROUND

In 2006, Martin was indicted for a crack cocaine sale he made to a confidential informant (Count 1), the possession of more than 50 grams of crack cocaine (Count 2), and for being a convicted felon in possession of two handguns (Count 3). He made a motion to suppress statements and evidence obtained, arguing that his interrogation, detention, and arrest were unlawful. The district court denied the motion. After the suppression hearing, Martin entered into an oral plea agreement. The agreement required him to plead guilty to Counts 2 and 3 of the indictment and the Government agreed to move to dismiss Count 1, recommend a reduction of three levels for acceptance of responsibility, and consider a possible departure under USSG § 5K1.1 if it determined Martin rendered substantial assistance in the investigation and prosecution of others.

At the sentencing hearing, the district court accepted the advisory Guidelines range of 262-327 months from the presentence report. The Government did not move for a substantial assistance downward departure under USSG § 5K1.1 and explained in detail its reasoning for that decision. Martin did not contest the failure to move for a departure, but instead argued that his meaningful pre-indictment cooperation in assisting the Government should warrant a variance down to the 240 month mandatory minimum sentence. The district court agreed and sentenced Martin to 240 months.

## DISCUSSION

### A. Waiver of Right to Appeal the Motion to Suppress

"[A] guilty pleading defendant may not appeal an adverse pre-plea ruling on a suppression of evidence motion unless he has preserved the right to do so by entering a conditional plea of guilty

- 2 -

in compliance with Fed.R.Crim.P. 11(a)(2)." *United States v. Herrera*, 265 F.3d 349, 351 (6th Cir.

2001). Federal Rule of Criminal Procedure 11(a)(2) states:

> (2) Conditional Plea. With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea.

Martin's oral plea agreement did not comply with the rule on conditional pleas and therefore

the general rule that the right to appeal has been waived applies. Rule 11 clearly requires conditional

pleas to be in writing and this oral plea was never reduced to writing. In addition, nothing in the oral

plea reserved the right to appeal pretrial motions. Therefore, Martin has waived his right to appeal

this issue.

B.  The Government's Failure to Move for a Downward Departure under USSG § 5K1.1

The United States Sentencing Guidelines provide:  "Upon motion of the government stating

that the defendant has provided substantial assistance in the investigation or prosecution of another

person who has committed an offense, the court may depart from the guidelines."  USSG § 5K1.1.

Martin argues that the Government's failure to move for a 5K downward departure violated the oral

plea agreement.  The oral plea agreement provided that the Government would consider a 5K

departure.  In describing the plea agreement, the Government stated:

> The government will agree to move for dismissal of Count 1.  The government will agree to recommend a reduction of three levels for acceptance of responsibility, and the government will consider a possible reduction if the government determines that the defendant has rendered substantial assistance in the investigation and prosecution of other individuals.  It is understood, your Honor, that the government is not obligated at this time to make a motion for substantial assistance and that the government will alone decide whether a motion of that nature lies in the future.

Later in the plea hearing, the district court specifically explained to Martin that it had no control over whether the Government made a downward departure motion.

At the sentencing hearing, the Government asked for the opportunity to explain why it was not moving for a 5K downward departure. The district court asked defense counsel whether he had any arguments concerning the departure and he indicated he had no argument with respect to the departure but he had arguments in support of a variance based on Martin's cooperation with the Government. The Government proceeded to explain why it did not move for a 5K downward departure. It said that Martin initially cooperated by providing information about drug activity of other individuals, but that by the time the suppression hearing was held and Martin entered his guilty plea, he had stopped cooperating with the Government. Then defense counsel argued that Martin's pre-plea cooperation was a factor that the court should consider to justify a downward variance to the 240 month mandatory minimum.

There was no breach of the oral plea agreement because the Government promised only to consider moving for a 5K downward departure and specifically noted its discretion not to do so if it found the departure unwarranted. At sentencing, the Government explained why it found there was no substantial assistance and defense counsel did not object.

This case is unlike *United States v. Lukse*, 286 F.3d 906 (2002), and *United States v. Villareal*, 491 F.3d 605 (6th Cir. 2007), cited by Martin, because the plea agreement only obligated the Government to *consider* a motion for substantial departure if, in its discretion, it found substantial assistance. In addition, the Government explicitly outlined the reasons why it decided any cooperation Martin provided did not rise to the level of "substantial assistance."

## C. Mandatory Minimums in 21 U.S.C. § 841

Although not raised before the district court, Martin now challenges the mandatory minimums in  21 U.S.C. § 841 because of the 100-to-1 sentencing disparity between offenses involving crack cocaine and those involving powder cocaine.  This court has consistently upheld the 100-to-1 disparity against constitutional attacks.  *United States v. Muse*, 250 F.App'x 700, 701-02 (6th Cir. 2007).  Importantly, there has been no change that would affect Martin because he was sentenced to the mandatory minimum which remained unaffected by the amendments to the Guidelines.  In its discussion of the Sentencing Commission's November 2007 amendments, the Supreme Court noted the amended Guidelines, while reducing the offense level associated with each quantity of crack by two levels, "still produce sentencing ranges keyed to the mandatory minimum requirements in the 1986 Act." *Kimbrough v. United States*, 128 S.Ct 558, 569 n.10 (2007).

## D. Pro Se Arguments

In his pro se supplemental brief, Martin argues that the district court had no jurisdiction to impose a sentence on him, that the indictment did not include a basis of subject matter jurisdiction, and that the indictment was "returned pre-emptively in violation of statutory authorities."  Martin ignores authority giving federal district courts original jurisdiction over all offenses against the laws of the United States.  18 U.S.C. § 3231.  Therefore, the district court had jurisdiction over these federal crimes and the indictment did not have to allege a "territorial" jurisdictional element in order to be sufficient.  As to his last argument, state criminal statutes penalizing drug crimes do not preempt federal drug crime statutes.

AFFIRMED.