RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0112p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 19-3606

JOHN D. ALLEN,

*Defendant-Appellant*.

───────────────

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:07-cr-00081-1—Christopher A. Boyko, District Judge.

Decided and Filed: April 14, 2020

Before: CLAY, ROGERS, and GRIFFIN, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:** Christian J. Grostic, FEDERAL PUBLIC DEFENDER, Cleveland, Ohio, for Appellant. Kathryn Andrachik, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

───────────────

## OPINION

───────────────

ROGERS, Circuit Judge. The First Step Act provision regarding retroactivity of the Fair Sentencing Act does not prohibit courts from considering a defendant's post-sentencing conduct when deciding whether to reduce his sentence. As the Government concedes, the district court in this case erred in ruling that, in making such a determination under the First Step Act, the court could not consider post-sentencing conduct. A remand is accordingly required.

Defendant Allen pleaded guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) on May 7, 2007.  The court determined that Allen was a career offender under U.S.S.G. § 4B1.1 and sentenced him to 210 months' imprisonment and ten years' supervised release.  On March 6, 2019, Allen filed a motion to reduce his sentence under § 404 of the First Step Act of 2018.

Allen argued that the court should reduce his prison sentence and term of supervised release.  First, Allen asserted that the "Fair Sentencing Act reduced [his] mandatory supervised-release term from ten years to eight years," so the court "should reduce his supervised-release term accordingly."  Second, Allen contended that because the statutory minimum penalty for his drug offense had been lowered, the district court should reduce his prison sentence to 151 months based on relevant sentencing factors, including his age and participation in numerous Bureau of Prisons classes and programs.  The Government opposed Allen's request to reduce his sentence, arguing that his sentencing guidelines range remained unchanged even though the statutory mandatory minimum penalty had been lowered.  But the Government did not oppose Allen's request for a lower term of supervised release.

The district court denied Allen's request for a reduced prison sentence, but granted his request to reduce his supervised-release term to eight years.  In denying Allen's request to reduce his prison sentence, the district court reasoned that the First Step Act precluded it from considering Allen's post-sentencing conduct.  The court relied upon the difference between 18 U.S.C. § 3582(c)(1)(B), which empowers courts to modify imposed terms of imprisonment when such modification is expressly permitted by statute, and 18 U.S.C. § 3582(c)(2), which empowers courts to modify imposed terms of imprisonment when the Sentencing Commission lowers the sentencing guidelines range and which, unlike § 3582(c)(1)(B), specifically directs courts to consider the § 3553(a) factors.  The court asserted that although Allen's "behavior during confinement is commendable," the court was "restrained from considering those facts." The court further elaborated that "the Court's authority to reduce Defendant's sentence is strictly limited to statutory authority.  The First Step Act in this instance limits the Court's review to the time Defendant committed the covered offense.  Thus, any good behavior that occurred after the

covered offense is immaterial." Allen now appeals from the denial of his motion for a sentence reduction, challenging solely the district court's refusal to consider post-sentencing conduct.

We have jurisdiction over Allen's appeal under 28 U.S.C. § 1291. *See United States v. Marshall*, No. 18-2267, --- F.3d ----, 2020 WL 1467210, at *5 (6th Cir. Mar. 26, 2020). Although our review may arguably be confined by 18 U.S.C. § 3742(a), the Government admits error in this case and does not contend that § 3742(a) imposes a barrier to our power to grant relief. *See Marshall*, 2020 WL 1467210, at *2–5.

The Government concedes that the district court erred in concluding that the First Step Act barred it from considering Allen's post-sentencing conduct when deciding whether to exercise its discretion to reduce his sentence. Section 3582(c)(1)(B) serves as the vehicle for a proceeding under § 404 of the First Step Act, which empowers courts to modify the defendant's sentence. *See* 18 U.S.C. § 3582(c)(1)(B). Unlike §§ 3582(c)(1)(A) and (c)(2), which contain substantive standards that constrain the district court's review of sentence modification motions, § 3582(c)(1)(B) simply authorizes courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." "Section 3582(c)(1)(B) is, therefore, not itself a source of authority for sentence modifications, nor does it delineate the scope of what the district court should consider when resentencing is authorized by another provision." *United States v. Rose*, 379 F. Supp. 3d 223, 232 (S.D.N.Y. 2019). Any substantive limit on the district court's authority to modify the defendant's sentence here must come from § 404 of the First Step Act. It would be inappropriate to impute the substantive standards contained in §§ 3582(c)(1)(A) and (c)(2) to § 3582(c)(1)(B) or to draw a negative inference from the fact that §§ 3582(c)(1)(A) and (c)(2) specifically direct courts to consider the § 3553(a) factors while § 3582(c)(1)(B) does not contain any substantive standard. Section 3582(c)(1)(B)'s silence on the appropriate standard for the exercise of discretion does not preclude the district court from considering the § 3553(a) factors.

The First Step Act does not prohibit courts from considering the factors outlined in § 3553(a), which include the applicable sentencing guidelines range and other relevant information about the defendant's history and conduct. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). The First Step Act grants courts the authority to

"impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). This authorizes courts to reduce sentences as if the Fair Sentencing Act's lowered mandatory minimums were in effect earlier. Section 404's silence regarding the standard that courts should use in determining whether to reduce a defendant's sentence cannot be read to limit the information that courts may consider. Instead, courts may consider all relevant factors when determining whether to reduce a defendant's sentence under § 404. *Id.*; *see* 18 U.S.C. § 3553(a); 18 U.S.C. § 3661. Further, § 404's language does not require courts to ignore all developments that occurred after the defendant committed the covered offense when considering whether to reduce a defendant's sentence. *See, e.g.*, *Rose*, 379 F. Supp. 3d at 231–35.

Moreover, as the district court in *Rose* explained, consideration of the § 3553(a) factors makes sense. If the § 3553(a) factors did not apply to a motion for a sentence reduction under the First Step Act, then courts would have to develop new standards to guide their discretionary decision regarding the defendant's appropriate sentence. *Rose*, 379 F. Supp. 3d at 235; *cf. United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013); *United States v. Metcalfe*, 581 F.3d 456, 459 (6th Cir. 2009). "[T]he more likely scenario is that Congress intended district courts to apply, by default, existing sentencing standards when exercising their discretion." *Rose*, 379 F. Supp. 3d at 235. Also, applying the § 3553(a) factors to the current facts that include the defendant's post-sentencing conduct is more manageable for district courts. The judges considering First Step Act motions will frequently not be the original sentencing judges because of the length of sentences in crack-cocaine and cocaine-base cases. If courts were precluded from assessing the § 3553(a) factors, including the defendant's post-sentencing conduct, then the new judge would be heavily reliant on the previous judge's (perhaps conclusory) explanation of the original sentence and the ability to recreate the record that was before the previous judge after a potentially significant amount of time has passed. *See id.* Further, "because the original sentences in these cases were largely dictated by the high mandatory minimums, defense counsel may have prioritized or raised different arguments than he or she would have if the defendant had been subject to a lower mandatory minimum sentence or no mandatory minimum at all." *Id.* Thus, prohibiting courts from assessing the § 3553(a) factors would require the courts to exercise their discretion "based on a record that was not created with the current statutory framework in

mind." *Id.* These factors all support the conclusion that Congress contemplated that district courts may look to § 3553(a)'s familiar framework when deciding whether to reduce a defendant's sentence under the First Step Act.

Finally, the Supreme Court has determined that courts may consider post-sentencing conduct in assessing the § 3553(a) factors when considering whether to adjust a previously imposed sentence. *Pepper v. United States*, 562 U.S. 476, 487–93 (2011). Although *Pepper* dealt with plenary resentencing procedure, whereas the First Step Act § 404 in contrast only granted courts the power to modify sentences, *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019), such a distinction does not logically prevent courts from considering post-sentencing conduct in assessing the § 3553(a) factors during a § 3582(c)(1)(B) sentence-modification proceeding.[1]

Other issues that the parties may dispute with respect to Allen's First Step Act motion have not been raised by Allen in this appeal, and we accordingly do not address them. We reverse the district court's order and remand for the court to consider Allen's First Step Act motion consistently with this opinion.

---

[1]The Sentencing Commission has informally advised that regardless of whether resentencing under the First Step Act constitutes a plenary resentencing proceeding or a more limited sentence modification proceeding, "the Act made no changes to 18 U.S.C. § 3553(a), so the courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing." *First Step Act*, ESP Insider Express (U.S. Sentencing Comm'n, Washington, D.C.), Feb. 2019, at 1, 8, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf.