**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0355n.06

Case No. 19-3905

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 16, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **ON APPEAL FROM THE** |
| Plaintiff-Appellee, | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE** |
| v. | ) | **NORTHERN DISTRICT OF** |
| | ) | **OHIO** |
| ANDRE MARTIN, | ) | |
| Defendant-Appellant. | ) | |
| | ) | **O P I N I O N** |

Before:  GIBBONS, McKEAGUE, and STRANCH, Circuit Judges.

**McKEAGUE, Circuit Judge.**  Andre Martin pled guilty to possession with intent to distribute crack cocaine and to being a felon in possession of a firearm.  After passage of the First Step Act, Martin moved the district court for a sentence reduction.  The district court granted a reduction of Martin's supervised release term but declined to reduce his prison term.  We find the district court erred when it found the First Step Act precludes consideration of post-conviction developments for resentencing purposes.  We therefore reverse and remand.

**I.**

Mr. Martin pled guilty to possession with the intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 2), and to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and punishable under § 924 (Count

3). During the plea hearing, the government set forth the factual basis for the charges and alleged it could prove that Martin's conduct involved 142.10 grams of crack cocaine.

A Presentence Investigation Report ("PSR") concluded that Martin qualified as a career offender based on two prior aggravated assaults under Ohio law. The district court agreed at sentencing that Martin qualified as a career offender under U.S.S.G. § 4B1.1, which increased his base offense level to 37. With a Criminal History Category of VI, the district court concluded that Martin's applicable guidelines range was 262 to 327 months. The district court, however, varied downward to the mandatory minimum sentence of 240 months. The court stated that "[b]ut for the mandatory minimum requirement of 240 months, the [c]ourt would vary downward to a sentence of less than 240 months." Martin's sentence was affirmed on appeal, *United States v. Martin*, 318 F. App'x 313 (6th Cir. 2008), and his subsequent challenges through his petition for post-conviction relief and his request for a sentence reduction under the Fair Sentencing Act were unsuccessful.

Then came the First Step Act of 2018, which applied the Fair Sentencing Act of 2010 retroactively. The Fair Sentencing Act "legislatively modified the statutory range for crack cocaine convictions." *United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019) (per curiam); Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, 2372. Before 2010, 21 U.S.C. § 841(b)(1)(A)(iii) provided for a sentencing range of ten years-to-life in prison and ten years of supervised release if the offense involved 50 grams or more of crack cocaine, with possible enhancements to twenty years-to-life with a prior felony drug conviction or mandatory life with two prior felony drug convictions. 21 U.S.C. §§ 841(b) & 851 (2001). The Fair Sentencing Act increased the amount of crack cocaine from 50 to 280 grams in order to trigger those mandatory minimum sentences. 21 U.S.C. § 841(b)(1)(A)(iii). This amendment would have made a

difference for Martin since he pled guilty and the accompanying facts indicated he possessed 142.10 grams of crack cocaine. But the Fair Sentencing Act did not apply retroactively. *See Beamus*, 943 F.3d at 791; *United States v. Blewett*, 746 F.3d 647, 651 (6th Cir. 2013). Then in 2018, the First Step Act was signed into law, which allows courts to apply § 2(a) of the Fair Sentencing Act retroactively unless a defendant's sentence was imposed or already modified under the Fair Sentencing Act of 2010, or a defendant lost a prior motion under the First Step Act "after a complete review of the motion on the merits." First Step Act of 2018, Pub. L. No. 115-391, § 404(b)–(c), 132 Stat. 5194, 5222; *Beamus*, 943 F.3d at 791.

All agree Martin is eligible for a possible sentence reduction under the First Step Act. Martin pled guilty to possession with intent to distribute crack cocaine, "in violation of 21 U.S.C. § 841(a)(1)— a federal criminal statute, the statutory penalties for which were modified by § 2 of the Fair Sentencing Act." *United States v. Woods*, 949 F.3d 934, 937 (6th Cir. 2020). Martin, initially pro se, moved for a sentence reduction under the First Step Act, and then, through counsel, filed a supplemental memorandum to his motion. Upon consideration of Martin's motion, the district court reduced Martin's supervised release term from ten to eight years. However, the district court denied Martin's request for a sentence reduction, finding that Martin's original 240-month sentence should stand.

Martin argues the district court erred as a matter of law when determining that his sentence should remain the same. First, according to Martin, the district court was wrong to conclude it could consider only the facts and law at the time Martin was originally sentenced. Because of this mistake, the district court failed to take into account two post-conviction developments: (a) Martin no longer qualifies as a career offender so his guidelines range would now be 120 to 125 months, and (b) Martin's post-sentencing conduct in the Bureau of Prisons weighs in favor of a sentence

reduction. Second, Martin argues that the district court erred as a matter of law and abused its discretion in holding that the First Step Act prohibited it from holding a resentencing hearing. We find the district court erred in limiting what information it could consider for resentencing under the First Step Act. We also note that it is within the district court's discretion to hold a hearing on remand.

## II.

We review questions of law de novo and a district court's resentencing decision for an abuse of discretion. *United States v. Boulding*, ---F.3d--- No. 1706, 2020 WL 2832110, at *3 (6th Cir. June 1, 2020); *Woods*, 949 F.3d at 938. Here, the district court concluded that as matter of law a court "applies the lower statutory penalties to Defendant's sentencing in 2007, with all other facts and law remaining the same." The district court found that it did not matter whether Martin would be considered a career offender today because the court had to look at the law and facts as they existed in 2007. To make this determination the district court relied on the fact that eligible defendants are not entitled to plenary resentencing and that under § 404 of the First Step Act, a court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . *were in effect at the time the covered offense was committed*." First Step Act, § 404(b) (emphasis added).

As a starting point, we agree "that defendants who are eligible for relief under section 404 of the First Step Act are 'not entitled to a plenary resentencing.'" *United States v. Foreman*, 958 F.3d 506, 510 (6th Cir. 2020) (quoting *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019) (per curiam order)). But that doesn't prohibit a district court from considering post-sentencing circumstances under a First Step Act motion. "[D]istrict courts are empowered to

provide process and to consider resentencing factors as they see fit." *Boulding*, ---F.3d---, 2020 WL 2832110, at *7.

We admit that at the time the district court issued its decision, the law was not clear in our circuit whether a court can consider post-conviction conduct and whether a court applies the § 3553(a) factors. We have since answered these questions in our decisions in *United States v. Allen*, 956 F.3d 355, 356–58 (6th Cir. 2020), and *United States v. Boulding*, ---F.3d---, 2020 WL 2832110, at *8.

*Allen* involved an almost identical scenario. There, the district court denied Allen's request for a reduced prison sentence but granted his request to reduce his supervised-release term to eight years. *Allen*, 956 F.3d at 356. In doing so, the district court in *Allen* reasoned that the First Step Act precluded it from considering a defendant's post-sentencing conduct. *Id.* However, we held that the "First Step Act does not prohibit courts from considering the factors outlined in § 3553(a), which include the applicable sentencing guidelines range and other relevant information about the defendant's history and conduct." *Id*. at 357. Indeed, district courts can consider "developments that occurred after the defendant committed the covered offense when considering whether to reduce a defendant's sentence." *Id*.

We went a step further in *Boulding* and held that a resentencing review under § 404 "at a minimum . . . includes an accurate calculation of the amended guidelines range at the time of resentencing and thorough renewed consideration of the § 3553(a) factors." *Boulding*, ---F.3d---, 2020 WL 2832110, at *8. We reasoned that the language of § 404(c) shows that "Congress intended district courts to conduct [a] complete review of the resentencing motion on the merits." *Id.* And "[w]hile 'complete review' does not authorize plenary resentencing, a resentencing

predicated on an erroneous or expired guideline calculation would seemingly run afoul of Congressional expectations." *Id.*

As a result of these recent decisions, it is clear the district court here erred as a matter of law when it found it had to consider the law and facts as they existed at the time of Martin's original sentencing in 2007. The district court is permitted to consider post-conviction conduct, such as Martin's good behavior in the Bureau of Prisons and the fact that Martin no longer qualifies as a career offender.[1] *See United States v. Burris*, 912 F.3d 386, 405 (6th Cir. 2019). In fact, under *Boulding*, the district court here failed to conduct an adequate review of Martin's motion when it used an "erroneous or expired guideline calculation." *Boulding*, ---F.3d---, 2020 WL 2832110, at *8. This error matters because it led the district court to conclude it had to view Martin's guideline range as 262 to 327 months when Martin's new guidelines range would be 120 to 125 months. These errors amount to an abuse of discretion, which warrant remand. *Id.* at *9. And on remand, to help guide its analysis, the district court must conduct a "renewed consideration of the § 3553(a) factors." *Id*.

The government argues Martin mischaracterizes the district court's statements as legal errors. According to the government, the district court simply "found Martin's argument that if he were sentenced anew today that he would not be a career offender 'unavailing.'" "At no point did the court say it was precluded from considering post-sentencing conduct," so states the

---

[1] To be considered a career offender, Martin must have been convicted of "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Martin's prior convictions that established his status as a career offender are two aggravated assault convictions under Ohio law. For one of the aggravated assault convictions, the PSR states that Martin "did knowingly cause serious physical harm . . . and/or did knowingly cause or attempt to cause physical harm . . . by means of a deadly weapon . . . ." In *Burris*, we found that subsection (A)(1) under Ohio's aggravated assault statute "is too broad to qualify as a violent-felony predicate." *Burris*, 912 F.3d at 405. Subsection (A)(1) prohibits a person who "knowingly . . . [c]ause[s] serious physical harm to another or to another's unborn." Ohio Rev. Code § 2903.12(A)(1). Subsection (A)(2) prohibits "[c]aus[ing] or attempt[ing] to cause physical harm to another or to another's unborn by means of a deadly weapon." *Id.* at § 2903.12(A)(2). Because Martin was convicted of (A)(1) "and/or" (A)(2), he would not qualify as a career offender under our decision in *Burris*.

government.  And, therefore, the district court was exercising its discretion to not consider Martin's change in career-offender status.  The government leaves out the district court's next sentence explaining why it found Martin's career-offender argument unavailing.  Martin's argument was "unavailing" because, according to the district court, it "applies the lower statutory penalties to Defendant's sentencing in 2007, *with all other facts and law remaining the same*."  We cannot fault the district court.  The law was not established on this issue at the time of its decision.  But we have since made clear that a district court may in fact consider post-conviction circumstances, *Allen*, 956 F.3d at 356–58, and it cannot apply "an erroneous or expired guideline calculation," *Boulding*, ---F.3d---, 2020 WL 2832110, at *8.

Before the district court, the government represented that Martin's new guidelines range would be 120 to 125 months, given the amended guidelines and the fact he would no longer be a career offender.  It submitted that Martin's conviction for 142.10 grams of crack cocaine would result in a base offense level of 26, U.S.S.G. § 2D1.1(c)(7), which, after adjusting for the possession of the firearm and the reduction for acceptance of responsibility, *id.* §§ 2D1.1(b)(1) & 3E1.1(a), would produce a total offense level of 25.  Martin's Criminal History Category would be V, according to the government.  Taking into account his new mandatory minimum of ten years, Martin's resulting range would be 120 to 125 months.  U.S.S.G. § 5A.  On remand, the district court will determine the guidelines range and, considering all appropriate factors, determine whether and to what extent Martin is entitled to relief under the First Step Act.

We need not fully consider Martin's second argument that the district court erred as a matter of law in finding it was prohibited from holding a resentencing hearing.  In any event, the district court is certainly permitted to hold a hearing if it finds one necessary on remand.  *Boulding*,

---F.3d---, 2020 WL 2832110, at *8 (noting that whether to hold oral argument "is a case-specific decision within the scope of the district court's discretion").

### III.

For these reasons, we reverse the district court's order and remand for the court to consider Martin's First Step Act motion consistent with this opinion.