NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0372n.06

Case No. 20-5394

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Jul 29, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| LATAWYNE OSBORNE, | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SILER, MOORE, and DONALD, Circuit Judges.

SILER, Circuit Judge. The First Step Act of 2018 empowers district courts to reduce the sentences of certain criminal defendants convicted of crack-cocaine offenses. LaTawyne Osborne appeals the district court's denial of his motion for a sentence reduction under the Act. The district court held that Osborne was eligible but not entitled to First Step Act relief. We affirm.

I.

In 2006, Knoxville police arrested and searched Osborne in an automobile. They found crack cocaine on his body as well as powder cocaine and two firearms under the front seat of the car.

Osborne was convicted on two counts of distributing cocaine within 1000 feet of a school, one for crack and one for powder, in violation of 21 U.S.C. §§ 860, 841(a)(1), 841(b)(1)(C).

He was also convicted on one count of possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c).

The United States Probation Office, in its presentence report (PSR), calculated Osborne's base offense level of 28, based on 29.1 grams of cocaine base and 136.7 grams of cocaine hydrochloride. With a criminal history category of I, Osborne's Guidelines range for the drug offenses was 78 to 97 months' imprisonment, with a mandatory ten-year term for the gun offense. The district court sentenced him to 78 months on each of the drug charges, to be served concurrently, and a consecutive term of 120 months on the gun charge, for a total sentence of 198 months' imprisonment, followed by eight years' supervised release.

In 2017, the district court granted Osborne's motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), and in accordance with Amendments 782 and 788 to the sentencing Guidelines. Amendment 782 yielded a guideline range of 51 to 63 months for Osborne's drug offenses, restricted by the five-year mandatory minimum in § 841(b)(1)(B). Due to the consecutive ten-year penalty for Osborne's § 924(c) offense, the effective Guidelines range was then 180 to 183 months' imprisonment. The district court then reduced Osborne's sentence to 183 months' imprisonment.

Congress later enacted the First Step Act, which increased the threshold quantities of crack cocaine triggering the mandatory minimum penalties in 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B). In 2019, Osborne again requested a lesser sentence because his crack cocaine conviction under Count One rendered him eligible for an additional sentence reduction under § 404 of the First Step Act. However, § 404 lowered the bottom but not the top of his Guidelines range, resulting in a range of 171 to 183 months' imprisonment. Thus, Osborne asked the court to reduce his custodial sentence to 171 months and his supervised release to the six-year mandatory minimum.

In 2020, the district court reviewed its earlier analysis and denied Osborne's motions, deeming him to be eligible for a sentence reduction under the First Step Act but declining to grant him one. The court explained that eligibility for relief "does not entitle [a defendant] to a plenary resentencing," and that it could consider "defendant's revised Guidelines range, criminal history, conduct while incarcerated, and any other relevant 18 U.S.C. § 3553(a) factors." It ultimately found the 183-month sentence remained appropriate. It reasoned that Osborne had "not presented new facts that would cause [it] to revise its earlier analysis," and Osborne had "incurred an additional disciplinary sanction," since his reduction in sentence, for a total of fourteen disciplinary sanctions while in custody. The court also denied Osborne's request for a reduction of his supervised release term.

Osborne has now completed his custodial sentence and is on supervised release.

II.

Osborne challenges the district court's decision declining to reduce his sentence under the First Step Act as procedurally and substantively unreasonable. We review the denial of a motion for a sentence reduction under the First Step Act and § 3582(c) for an abuse of discretion. *See United States v. Woods*, 949 F.3d 934, 937–38 (6th Cir. 2020).

As an initial matter, Osborne's term of imprisonment expired on November 20, 2020, after he filed his motion for a sentence reduction and appeal, and Osborne is now serving the supervised-release portion of his sentence. Before the district court and on appeal, Osborne argued that both his term of imprisonment and his term of supervised release should be reduced. However, a challenge to an imposed term of imprisonment is moot once that term has expired, *see United States v. Juvenile Male*, 564 U.S. 932, 936 (2011), but where a defendant is still serving other aspects of his sentence, e.g., paying a fine or serving a term of supervised release, any appeal

related to that aspect of his sentence is not moot, *see Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995) ("Dawson is still serving his term of supervised release, which is part of his sentence and involves some restrictions upon his liberty. Because success for Dawson could alter the supervised release portion of his sentence, his appeal is not moot."). This appeal, therefore, relates solely to Osborne's term of supervised release. Although the district court's decision focused almost entirely on Osborne's term of imprisonment, we may examine what the district court said at Osborne's initial sentencing to determine whether the district court unreasonably refused to reduce his supervised-release term. *See Chavez-Meza v. United States*, -- U.S. --, 138 S. Ct. 1959, 1967 (2018).

The First Step Act states that a district court "may" grant a defendant a reduced sentence based on the Fair Sentencing Act; it does not say that a court "must" do so. First Step Act of 2018, § 404(b), 132 Stat. at 5222. The First Step Act thus gives district courts discretion to decide whether a defendant's unique circumstances warrant a reduced sentence. *See United States v. Maxwell*, 991 F.3d 685, 689 (6th Cir. 2021); *United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020). When a district court declines to reduce a sentence, we assess whether it abused its discretion using standards of review like those that apply on direct appeal. That is, we review the decision for procedural and substantive reasonableness. *United States v. Foreman*, 958 F.3d 506, 514–15 (6th Cir. 2020).

*Osborne's sentence is Procedurally Reasonable.*

First, Osborne argues that the district court improperly considered his in-custody disciplinary record in making their decision because it was not in the record or disclosed to him. And since the information was not previously disclosed to him, he was prevented from presenting a response. Osborne's argument is unavailing for the following reasons.

As we recently confirmed in *United States v. Allen*, a district court may still "consider all relevant factors" when determining whether and to what extent an otherwise eligible defendant should be granted relief under the First Step Act. 956 F.3d 355, 357 (6th Cir. 2020). Without mandating any particular set of procedures, *Allen* specifically found that the First Step Act authorizes a district court to consider the full range of § 3553(a) factors, including a defendant's applicable Guidelines range and "other relevant information about the defendant's history and conduct." *Id.* Indeed, district courts can consider "developments that occurred after the defendant committed the covered offense when considering whether to reduce a defendant's sentence." *Id.*

"[D]istrict courts are empowered to provide process and to consider resentencing factors as they see fit." *Boulding*, 960 F.3d at 783. The Supreme Court has determined that courts may consider post-sentencing conduct in assessing the § 3553(a) factors when considering whether to adjust a previously imposed sentence. *Pepper v. United States*, 562 U.S. 476, 487–93 (2011). Despite Osborne's argument to the contrary, the district court is permitted to consider his post-conviction conduct, which includes his behavior in prison. Even though Osborne did not know the court was going to consider such information, the information was obviously known to him and explicitly considered and cited in the district court's 2017 order that granted his previous motion for a sentence reduction. Thus, the district court properly considered Osborne's disciplinary sanction record in making its determination, as it was a part of its § 3553 analysis.

Next, Osborne claims that the district court "erred by failing to engage in a complete and close review of the merits" and "thereby failed to provide an adequate explanation for its denial." He further contends that the district court failed to engage in a renewed consideration of the § 3553 factors.

When a district court rules upon a First Step Act motion where the defendant is eligible for relief, it is required to consider the sentencing factors under 18 U.S.C. § 3553(a). *See, e.g.*, *Boulding*, 960 F.3d at 784. But while it must consider "all [of] the . . . factors," it has "discretion [to] plac[e] more 'weight on one factor' because the particular facts in [a] case warrant[] doing so." *United States v. Adkins*, 729 F.3d 559, 572 (6th Cir. 2013) (citation omitted). "While a district court need not explicitly . . . recite a list of [the § 3553(a)] factors, it must provide a reasoned explanation for its choice of sentence [that is] sufficiently thorough to permit meaningful appellate review." *United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006).

Here, the district court included an in-depth review of the case law it followed to reach its decision. The court also invoked its prior discussions of the § 3553 factors from its 2017 order to explain why no further reduction was warranted, noting that "the considerations supporting the Court's previous reduction of defendant's sentence to the high-end of the guideline range, 183 months, remain the same, and the new low-end of the range does not alter this analysis."

Further, the district court's reliance on Osborne's post-sentencing conduct that involved fourteen disciplinary sanctions[1] adequately shows why the court remained with his original supervised release term. *See Foreman*, 958 F.3d at 515–16. Osborne's sentence therefore remained within the Guidelines range, and the court was not required to provide sufficiently compelling justification to support a variance or departure. *Gall v. United States*, 552 U.S. 38, 50

---

[1] These fourteen sanctions were raised during Osborne's first sentence-modification proceedings and are properly part of the record. The district court, however, erred by relying on a fifteenth sanction in the decision at issue here. The district court stated in its decision that "the United States Probation Office has indicated that defendant has incurred an additional disciplinary sanction since the Court granted him a sentence reduction to 183 months." But this fifteenth infraction was not in the record; the Government does not refer to any old or new sanctions in its response to Osborne's sentence-reduction motion. By failing to notify Osborne of this fifteenth infraction and to grant Osborne an opportunity to respond, the district court violated Osborne's due-process rights. *See United States v. Hayes*, 171 F.3d 389, 392–93 (6th Cir. 1999). Because this error was harmless, we nonetheless affirm.

(2007). The record shows that the district court thoroughly explained its sentencing rationale, carefully examining Osborne's circumstances, the amended penalty provisions, and the resulting changes to his Guidelines range.

Osborne also argues that the district court failed to consider his post-sentencing rehabilitation efforts that favor a sentence modification. As previously explained, "[d]istrict courts [] *may* consider evidence of a defendant's post-sentencing rehabilitation at resentencing and such evidence *may*, in appropriate cases, support a downward variance from the advisory Guidelines range." *Pepper*, 562 U.S. at 504–05 (emphasis added).

"It is by now well settled that a district court generally need not expressly mention a sentencing argument or alternative, so long as the record as a whole shows that it considered the issue." *United States v. Garner*, 769 F. App'x 313, 315 (6th Cir. 2019). The district court's mention of Osborne's fourteen disciplinary sanctions in prison shows that it did, in fact, consider Osborne's post-sentencing conduct.

Further, Osborne suggests that the district court's statement that, "[d]efendant has not presented new facts that would cause the Court to revise its earlier analysis," indicates that it did not consider his recent rehabilitation information he submitted to the court. However, Osborne mischaracterizes this statement. The context portrays that the court meant only that it was unpersuaded that those efforts warranted any sentence reduction or that they *caused* it to change Osborne's recent modified sentence.

We find that the district court did not abuse its discretion in issuing its denial of a sentence reduction under the First Step Act.

*Osborne's Sentence is Substantively Reasonable.*

Finally, Osborne argues that that his effective term of incarceration and supervised release are substantively unreasonable because they are longer than necessary to meet the sentencing goals of 18 U.S.C. § 3553. Basically, Osborne incorporates his same procedural arguments again and claims that his sentence is substantively unreasonable because of the district court's alleged errors.

"Generally speaking, defendants who challenge their sentences as substantively unreasonable face an uphill climb" because the applicable standard of review "grant[s] considerable deference to the sentence imposed by the district court." *United States v. Faulkner*, 926 F.3d 266, 273 (6th Cir. 2019). Importantly, the modified sentence that remained in place is still within Osborne's recalculated Guidelines range, and a within-guidelines sentence is presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc).

The district court reasonably concluded that a sentence of 183 months' imprisonment and eight years' supervised release remained appropriate in light of the totality of the § 3553 factors. It explained that Osborne did not present any new facts that outweighed the court's previous considerations that supported the effective sentence. The court invoked its previous analysis and factors that it considered in 2017 including, "the risk the defendant poses to public safety, the nature and circumstances of the defendant's offense(s), the defendant's personal characteristics, criminal history, and post-sentencing conduct."

Thus, the record clearly reflects that Osborne's sentence is substantively reasonable, given the circumstances of the case, the district court's explanation, and its imposition of a sentence within the Guidelines range.

**AFFIRMED**.