RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0218p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

DWIGHT DYLAN BARBER,

*Defendant-Appellant*.

No. 19-6116

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 1:08-cr-00021-2—Gregory N. Stivers, District Judge.

Decided and Filed:  July 17, 2020

Before:  GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Laura R. Wyrosdick, Frank W. Heft, Jr., Patrick J. Bouldin, OFFICE OF THE FEDERAL DEFENDER, Louisville, Kentucky, for Appellant.  Monica Wheatley, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee.

_____

## OPINION

_____

THAPAR, Circuit Judge.  Dwight Barber appeals the district court's order declining to reduce his prison sentence under the First Step Act.  Because the district court did not err in doing so, we affirm.

Years ago, Barber pled guilty to conspiring to possess fifty or more grams of a mixture or substance containing cocaine base (crack) with the intent to distribute it. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846 (2006). The district court sentenced him to 210 months in prison (well below his guideline range of 262 to 327 months) followed by ten years of supervised release. Shortly after, Congress made certain changes to the sentencing regime for crack offenses. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. But since the changes weren't retroactive, they did not affect Barber's sentence. (His sentence was later reduced for unrelated reasons.)

More recently, Congress passed the First Step Act of 2018, which allows district courts to apply the changes made by the Fair Sentencing Act retroactively. Pub. L. No. 115-391, 132 Stat. 5194. Barber moved for a sentence reduction. The district court declined to reduce Barber's term of imprisonment but did reduce his term of supervised release from ten to eight years.

Barber now appeals, arguing (1) that he was eligible for a sentence reduction and (2) that the district court abused its discretion in denying him a reduction.

*Eligibility*. Although the district court found Barber eligible for a sentence reduction, Barber still argues the point on appeal (perhaps to preempt a contrary argument by the government). To be eligible for a sentence reduction under the First Step Act, a defendant must have been sentenced for a "covered offense." First Step Act § 404(b), 132 Stat. at 5222. The Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act." *Id.* § 404(a), 132 Stat. at 5222.

Before the Fair Sentencing Act, defendants (like Barber) who possessed fifty or more grams of crack cocaine faced a statutory penalty of ten years to life imprisonment. *See United States v. Foreman*, 958 F.3d 506, 508–09 (6th Cir. 2020). But section 2 of the Fair Sentencing Act raised the quantity threshold for this range to 280 grams. *See* Fair Sentencing Act § 2(a)(1), 124 Stat. at 2372 (amending 21 U.S.C. § 841(b)(1)(A)(iii)). In a post–Fair Sentencing Act world, Barber's fifty-gram conviction would have only carried a statutory penalty of five to forty

years.  *See* 21 U.S.C. § 841(b)(1)(B)(iii).  Thus, Barber was sentenced for a "covered offense" and was eligible for a sentence reduction.

The government points to one wrinkle that does not change this conclusion.  At sentencing, the district court found Barber responsible for over 740 grams of cocaine base, an amount that would have easily cleared the 280-gram threshold.  But as this circuit has held (along with every other circuit to address the question), eligibility under the First Step Act "turns on the statute of conviction, not a defendant's specific conduct" or "whether the record reflect[s] a greater quantity."  *United States v. Boulding*, 960 F.3d 774, 779–81 (6th Cir. 2020) (collecting cases).  And as just explained, Barber's statute of conviction made him eligible.

*Abuse of Discretion.*  That Barber was eligible for a reduction of course does not mean that he was entitled to one.  After all, the First Step Act, by its plain terms, does not "require a court to reduce any sentence."  First Step Act § 404(c), 132 Stat. at 5222.  Instead, the Act commits the decision of whether to reduce a sentence to the sound discretion of district courts.  *See Foreman*, 958 F.3d at 513–15 & n.3.  Thus, a defendant can prevail on appeal only by showing an *abuse* of that discretion.

Barber mainly argues that the district court erred by not considering his post-sentencing conduct.  But as Barber concedes, he never asked the court to consider this conduct.  (In fact, his district-court filings never even mentioned post-sentencing conduct.)  As Barber also concedes, that means we may consider this issue only for plain error.  *See, e.g.*, *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc).  Under that standard of review, a party must show (1) an error (2) that is obvious or plain, (3) that affected his substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.* at 386.  Barber can't satisfy this standard.

Barber's most basic problem is that there was no error.  A district court "has wide latitude to provide the process it deems appropriate" when it weighs a First Step Act motion.  *Boulding*, 960 F.3d at 784.  In doing so, the court may consider all relevant information (including post-sentencing conduct) and should consider the sentencing factors laid out in 18 U.S.C. § 3553(a).  *See Boulding*, 960 F.3d at 776, 784–85; *United States v. Allen*, 956 F.3d 355, 357 (6th Cir.

2020). The court should also give the defendant a meaningful opportunity for input, including (where appropriate) a chance to submit new facts for the court's consideration. *See Boulding*, 960 F.3d at 783–84. But when the defendant is given an opportunity for input (as Barber was here), the court need not consider facts that no party enters into the record or even mentions. Barber never raised his post-sentencing conduct, so it is no surprise (and no error) that the district court did not consider it.

What's more, even if Barber could show some kind of error, that error would not be plain. That's because there is no "binding case law" requiring a district court to consider post-sentencing conduct sua sponte in deciding a First Step Act motion. *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015). And without on-point authority, there can be no plain error.

Nor has Barber shown any effect on his substantial rights. To do that, he would have to show a reasonable probability that the district court would have given him a lower sentence had it considered his post-sentencing conduct. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1347 (2016). Barber points to absolutely nothing to establish that probability. Indeed, he appears to misunderstand this prong of the plain-error test, arguing that both "[e]ligibility itself" and the consideration of "relevant sentencing factors such as post-sentencing conduct" count as substantial rights. Appellant Br. at 13–14. But that's not right. The only "substantial right" at issue here is the length of the sentence. *Puckett v. United States*, 556 U.S. 129, 141–42 & n.4 (2009); *see Molina-Martinez*, 136 S. Ct. at 1346–47. And again, Barber hasn't shown that the error (if any) had any effect on his sentence.

In short, Barber hasn't shown that the district court plainly erred.

That just leaves Barber's final argument. Barber says that while the district court considered some of the § 3553(a) sentencing factors, it ignored others. But besides his post-sentencing conduct, Barber doesn't say what he thinks the district court should have considered. So in truth, it's not clear this argument is meaningfully distinct from the previous one.

To the extent the arguments are different, Barber must be claiming that the district court failed to adequately explain how it considered the various sentencing factors. In this context, "adequately" means enough to allow for meaningful appellate review. *See Chavez-Meza v.*

*United States*, 138 S. Ct. 1959, 1966 (2018); *Gall v. United States*, 552 U.S. 38, 49–50 (2007). But even in a plenary sentencing, a district court need not "engage in a ritualistic incantation" of every § 3553(a) factor or "make specific findings related to each of the factors." *United States v. Bolds*, 511 F.3d 568, 580 (6th Cir. 2007) (cleaned up). Instead, "the law leaves much to the [district] judge's own professional judgment" of how much explanation the case calls for. *Chavez-Meza*, 138 S. Ct. at 1966 (cleaned up). That principle has extra force in First Step Act cases, where the formalities of a full sentencing hearing don't apply. *See Foreman*, 958 F.3d at 514–15; *cf. Chavez-Meza*, 138 S. Ct. at 1967.

Here, the district court provided a more than adequate explanation. The court's order stated that it had "tak[en] into account the factors set forth in 18 U.S.C. § 3553(a), to the extent that they [we]re applicable." R. 306, Pg. ID 1032. That recital standing alone is often enough, and Barber offers no reason why this case should be different. *See, e.g.*, *Chavez-Meza*, 138 S. Ct. at 1967; *United States v. Smith*, 958 F.3d 494, 501 (6th Cir. 2020). But in fact, the recital didn't stand alone here. The district court also included a detailed explanation of why (in its judgment) Barber did not merit a reduction of his already below-guideline sentence. The court discussed Barber's three prior felony drug offenses and the large amount of cocaine base involved in his crime, matters that went to "the history and characteristics of the defendant" and "the nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1). And the court concluded by finding that the existing sentence "remain[ed] sufficient and necessary to protect the public from future crimes of the defendant, to promote respect for the law, to provide just punishment, and to provide deterrence." R. 306, Pg. ID 1032; *see* 18 U.S.C. § 3553(a)(2)(A)–(C) (listing these factors). With all this, the district court more than met its obligations and thus did not abuse its discretion.

We affirm.