NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0433n.06

Case No. 20-2235

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 16, 2021
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,        )
       )
   Plaintiff-Appellee,       )
       )   ON APPEAL FROM THE UNITED
v.       )   STATES DISTRICT COURT FOR
       )   THE EASTERN DISTRICT OF
RODOLFO MORENO,       )   MICHIGAN
       )
   Defendant-Appellant.       )
_____/

Before: GUY, MOORE, and GIBBONS, Circuit Judges.

**RALPH B. GUY, JR., Circuit Judge.**    Rodolfo Moreno appeals from the denial of his motion for reduction of sentence pursuant to § 404 of the First Step Act of 2018, which authorized retroactive application of changes to the statutory penalties for crack cocaine offenses enacted by the Fair Sentencing Act of 2010. Although Moreno was found to be eligible for such relief, the district judge concluded—after considering the relevant § 3553(a) factors—that no further reduction in his sentence was warranted. *See* 18 U.S.C. § 3553(a). Finding no abuse of discretion, we AFFIRM.

I.

Moreno pleaded guilty to one count of conspiracy to distribute more than 50 grams of crack cocaine and marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). At the time of sentencing in 2008, that conviction triggered a mandatory minimum sentence of 120 months.

Moreno's plea agreement admitted, in part, to the sale of at least 66 grams of crack cocaine, 66 grams of powder cocaine, and 4.47 kilograms of marijuana in controlled buys. If not for his career offender designation, Moreno would have had a Guidelines range of 100-125 months (based on an offense level of 27 and a Criminal History Category of IV). As it was, however, Moreno's admission that he was a career offender increased his offense level to 34 and his Criminal History Category to VI. As a result, his applicable Guidelines range was 262-327 months of imprisonment.

At sentencing, the district judge found that range to be "considerably overboard" and "greater than necessary to achieve the goals in [§] 3553(a)." At the same time, a "substantial custodial sentence" was required to satisfy the need "to provide deterrence" and "to protect the public"—as was "called for by mere virtue of the mandatory minimum sentence." Concluding that "there might be some benefit to [imposing] additional time above that," the district judge sentenced Moreno to 144 months of imprisonment. That was well below the Guidelines range—but also two years more than the mandatory minimum.

In 2012, Moreno sought his first sentence reduction under the retroactive amendments to the crack cocaine Guidelines that followed enactment of the Fair Sentencing Act of 2010, § 8, Pub. L. No. 111-220, 124 Stat. 2372, 2374 (2010). *See* USSG § 1B1.10; 18 U.S.C. § 3582(c)(2). The same district judge who originally sentenced Moreno granted the motion and reduced Moreno's sentence to the statutory minimum of 120 months. In 2015, while still serving that sentence, Moreno was transferred to home confinement. Before completing that sentence, however, Moreno was arrested on new drug charges and pleaded guilty before a different district judge to conspiring to and possessing with intent to distribute more than 100 grams of heroin. The Bureau of Prisons aggregated his new 151-month sentence with the uncompleted sentence in this case, and he remains incarcerated.

That brings us to the matter at hand—Moreno's 2020 motion for a reduction of his 120-month sentence under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). The district judge found—and the government does not dispute—that Moreno was *eligible* for a reduced sentence on his crack cocaine conviction. After weighing the § 3553(a) factors, however, the district judge denied relief "most prominently because the previously imposed term demonstrably was insufficient to achieve specific deterrence of this defendant." Reconsideration was sought by Moreno's new counsel out of concern that letters in support of his motion had not been submitted to the court. The order denying reconsideration explained, however, that the letters had been presented timely and were considered. This appeal followed.

II.

Section 404(b) of the First Step Act provides that: "A court that imposed a sentence for a covered offense may, on a motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." There is no question that Moreno's conviction was a "covered offense" because § 2(a) of the Fair Sentencing Act modified the statutory penalties for conspiracy to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). *See Terry v. United States*, 141 S. Ct. 1858, 1863-64 (2021); *United States v. Barber*, 966 F.3d 435, 437 (6th Cir. 2020). As is pertinent here, the Fair Sentencing Act raised the threshold quantity that would trigger a 10-year statutory minimum penalty from 50 grams to 280 grams of crack cocaine. *Barber*, 966 F.3d at 437. So, after the Fair Sentencing Act, conspiracy to distribute 50 grams of crack cocaine would carry a statutory minimum penalty of 5 years (or 60 months). *Id.*[1]

---

[1] The government does not dispute that Moreno was eligible to seek a reduction under § 404 notwithstanding his earlier Guidelines-based reduction. *See* 18 U.S.C. § 3582(c)(1)(B) (a court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by

A district court's decision whether to grant a reduced sentence is reviewed for abuse of discretion. *See United States v. Boulding*, 960 F.3d 774, 778 (6th Cir. 2020) (citing *United States v. Foreman*, 958 F.3d 506, 514-15 (6th Cir. 2020)). Because Moreno's last Guidelines range was dictated by the statutory minimum penalty, the Fair Sentencing Act's change required a recalculation of an amended Guidelines range. *See United States v. Maxwell*, 991 F.3d 685, 690 (6th Cir. 2021) (discussing *Boulding*, 960 F.3d at 776-78). But as *Maxwell* clarified, the range is recalculated "as the law existed at the time of the original offense, accounting for the new variable created by the Fair Sentencing Act." *Id*. at 693. Although a district court is not required to conduct a plenary resentencing, it may "consider subsequent developments in deciding whether to modify the original sentence and, if so, in deciding by how much." *Id*. at 691; *see also id*. at 692 (explaining that a court has discretion "to consider [intervening legal] developments in balancing the § 3553(a) factors").

Exercising that discretion here, the district judge recognized that Moreno would no longer be classified as a career offender after this court's decision in *United States v. Havis*, 927 F.3d 382, 386 (6th Cir. 2019) (en banc). *See, e.g.*, *United States v. Cordero*, 973 F.3d 603, 625-26 (6th Cir. 2020) (finding conspiracy to distribute controlled substances would not qualify as a "controlled substance offense" for purposes of USSG § 4B1.1(a)). Using current drug quantity tables, the district judge determined that Moreno's offense level would be 21 with a Criminal History Category of IV. That would result in a Guidelines range of 60-71 months, "the floor of which reflects the new statutory minimum sentence." Just as it was permissible to consider the intervening changes in the law, the district judge was also permitted to consider other

---

statute"); *United States v. Woods*, 949 F.3d 934, 936 n.1 (6th Cir. 2020) (explaining sentence reduction under § 3582(c)(2) based on retroactively amended Guidelines was not a previous reduction under the Fair Sentencing Act).

developments "that occurred after the defendant committed the covered offense when considering whether to reduce a defendant's sentence." *United States v. Allen*, 956 F.3d 355, 357 (6th Cir. 2020). Without the benefit of *Maxwell*, the district judge described Moreno's 120-month sentence as a substantial upward variance that was justified. The district judge explained:

> Moreno's disadvantaged youth is reflected in his criminal history that starts at age ten. He was 20 years old when he was sentenced in this case. He committed at least three prior drug distribution offenses and he was part of an armed drug trafficking gang in this case. And when he was charged in this case, he already was on probation for another drug crime. Those facts by themselves do not warrant a substantial upward variance. However, the Court is obliged to impose a sentence that promotes respect for the law, adequately protects the public, and provides an adequate measure of general and specific deterrence. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). The 120-month sentence apparently did not achieve those goals. When Moreno was released to a halfway house to complete the custody part of his sentence, he returned to precisely the same criminal behavior that caused him to be locked up in the first place. And that conduct earned him an even more substantial sentence [in the second case]. Moreno has offered evidence of his educational achievements while in prison. He has been discipline-free for the past ten years. That behavior is commendable, but it does not outweigh the grave concern that once at liberty, this defendant will return to crime. Because the punishment already imposed failed to achieve its intended purpose, and a reduced sentence certainly would not *improve* the deterrent potential, no further reduction of the completed sentence is warranted.

The district judge added, in denying reconsideration, that he had received and considered the letters that were submitted in support of Moreno's motion for a reduced sentence.

Moreno makes no claim of procedural unreasonableness, arguing instead that the district judge's reweighing of the § 3553(a) factors resulted in a substantively unreasonable sentence. (Appt Br., p. 13.) Substantive reasonableness asks whether the district judge "'abused his discretion in determining that the § 3553(a) factors supported' the sentence imposed." *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020) (quoting *Gall v. United States*, 552 U.S. 38, 56 (2007)). A sentence can be substantively unreasonable if "'the court placed too much weight on some of the § 3553(a) factors and too little on others' in reaching its sentencing

decision." *United States v. Perez-Rodriguez*, 960 F.3d 748, 753-54 (6th Cir. 2020) (citation omitted). "Needful to say, this is a matter of reasoned discretion, not math." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018) (citing *Gall*, 552 U.S. at 51).

Moreno contends that the district judge gave "too little weight" to his rehabilitation since returning to prison—including his success in college courses, completion of drug education and drug abuse programs, and plans to work with his girlfriend's stepfather when released—and "too much weight" to the fact that he resumed his drug trafficking activities when released to a residential re-entry program. On the contrary, the district judge's reweighing of the relevant § 3553(a) factors reflected reasoned consideration of Moreno's arguments and reasonably determined that factors favoring a reduction were outweighed by his post-offense conduct. It was reasonable for the district judge to give greater weight to the fact that Moreno resumed drug trafficking while in a residential re-entry program before he even completed the already reduced custodial sentence. Because the district judge did not abuse his discretion in balancing the § 3553(a) factors, the denial of Moreno's motion for reduction of sentence under § 404 of the First Step Act is **AFFIRMED**.