NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3208
_____

UNITED STATES OF AMERICA

v.

EUGENE SEABROOKES
a/k/a HABEEB
a/k/a BEEB,

Appellant
_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. No. 2-97-cr-0485-001)
District Judge:  Honorable Esther Salas
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 27, 2022

Before:   JORDAN, PORTER and PHIPPS, *Circuit Judges*

(Filed: August 4, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Eugene Seabrookes appeals the District Court's denial of his motion for a sentence reduction under the First Step Act of 2018. We will affirm.

## I. BACKGROUND

Seabrookes was convicted in 1998 of conspiracy to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846. That conviction carried a statutory sentencing range of ten years to life. *United States v. Lynch*, 158 F.3d 195, 197 n.2 (3d Cir. 1998). Prior to trial, however, the government filed an enhanced penalty information, as allowed by 21 U.S.C. § 851, and so increased Seabrookes's statutory minimum sentence from ten to twenty years because he had previously committed a "felony drug offense[.]" *Id.* (quoting 21 U.S.C. § 841(b) (1998)). As part of Seabrookes's sentencing, the Court found that he was responsible for distributing at least twenty-five kilograms of cocaine base. The then-mandatory Sentencing Guidelines required that a life sentence be imposed, and the District Court sentenced Seabrookes accordingly. Later, in 2002, he was convicted in New Jersey state court for orchestrating two murders, for which he received two consecutive life sentences.

In 2010, section 2 of the Fair Sentencing Act increased the minimum quantity of cocaine base needed to trigger the ten-year minimum sentence under 21 U.S.C. § 841(b) from 50 grams to 280 grams. Pub. L. No. 111-220, § 2, 124 Stat. 2371, 2372. In light of that amendment, Seabrookes moved for a sentence reduction the following year. The District Court denied his motion, reasoning that the new minimum drug quantity set by

the Act was still lower than the twenty-five kilograms for which Seabrookes was found responsible and thus the Act would not have impacted his sentencing even if it had been in effect at the time of the offense.

Congress again revised the sentencing framework for drug offenses in 2018, when it passed the First Step Act. Section 404(b) of that Act permitted a district court that had sentenced a defendant prior to the Fair Sentencing Act to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act … were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. But a court was not "*require*[*d*] … to reduce any sentence pursuant to [that] section." *Id*. § 404(c), 132 Stat. at 5222 (emphasis added). Separately, section 401 of the First Step Act redefined what prior drug convictions could be used to enhance a sentence under 21 U.S.C. § 841(b). It said that the prior offense had to be not simply a felony drug offense but instead a "serious drug felony[,]" which is one for which the offender "served a term of imprisonment of more than 12 months[.]" *Id*. § 401(a), 132 Stat. at 5220. Section 401 "appl[ied] to any offense that was committed before the date of enactment of [the] Act, if a sentence for the offense ha[d] not been imposed as of such date of enactment." *Id.* § 401(c), 132 Stat. at 5221.

In May 2019, Seabrookes again moved to reduce his sentence, this time under section 404(b) of the First Step Act. He argued that the District Court should exercise its discretion to reduce his sentence in light of the fact that, had the First Step Act been in effect when he was sentenced, he would have faced a forty-year sentence at most. Seabrookes did not expressly invoke section 401 or argue that it should be given

3

retroactive effect, nor did he argue that his prior conviction was not a "serious drug felony" under that section. Opposing the motion, the government claimed that Seabrookes did not deserve to have his sentence reduced given the gravity of his history of misconduct. The District Court stayed the proceedings to await our decisions in several cases applying the First Step Act.

After the stay was lifted, the parties filed supplemental briefs in early 2021. "[T]o preserve" the issue "for further review[,]" Seabrookes argued that section 401 should apply retroactively, which would reduce his statutory maximum sentence to forty years in prison. (App. at 70-72.) He asserted that, if that provision did apply to him, his prior drug conviction – which had resulted in a sentence of only probation – would not qualify as a "serious drug felony" under the revised 21 U.S.C. § 841(b). Eliminating that prior conviction, he said, would reduce his maximum sentence from life to forty years. Even so, he conceded that his argument was foreclosed by our holding in *United States v. Hodge*, 948 F.3d 160 (3d Cir. 2020), that the similarly worded section 403 of the First Step Act was non-retroactive.[1] Separately, Seabrookes reiterated his request that the District Court exercise its discretion to reduce his sentence in light of his age and lengthy prison service.

The Court denied the motion, holding that, although Seabrookes was statutorily eligible for a sentence reduction under the First Step Act, he was not entitled to that

---

[1] As the government pointed out in its supplemental brief, we also squarely held in *United States v. Aviles*, 938 F.3d 503 (3d Cir. 2019), that section 401 did not apply retroactively to defendants sentenced prior to the First Step Act's enactment.

4

relief. It reiterated its conclusion that, even if the Fair Sentencing Act had been in place at the time of Seabrookes's initial sentencing, he still would have faced the same statutory and guidelines ranges: a maximum sentence and guidelines recommendation of life imprisonment. It acknowledged Seabrookes's argument that his statutory maximum sentence would have been forty years had section 401 of the First Step Act been in effect at his sentencing, but it noted that our decision in *Hodge* foreclosed applying that provision retroactively. The Court then applied the relevant factors under 18 U.S.C. § 3553(a) and determined they did not warrant reducing Seabrookes's life sentence. It reasoned that any efforts at rehabilitation and decreased likelihood of recidivism due to Seabrookes's age were far outweighed by, among other things, his disrespect for the law and the seriousness of the drug trafficking, murders, and other crimes that led to his federal and state convictions.

Seabrookes has timely appealed.

## II. DISCUSSION[2]

When deciding a motion for sentence reduction under the First Step Act, a district court must make "an accurate calculation of the Guidelines range at the time of

---

[2] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3582(c)(1)(B). We have appellate jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. Although Seabrookes asks us to review his claim – which, as discussed herein, he failed to present to the District Court – for abuse of discretion, he offers us no reason to depart from our usual practice of reviewing unpreserved sentencing challenges for plain error. We will apply the plain-error standard. *See United States v. Woronowicz*, 744 F.3d 848, 852 (3d Cir. 2014) (applying plain-error standard to unpreserved claim that district court erred in its 18 U.S.C. § 3553(a) analysis); *see also United States v. Barber*, 966 F.3d 435, 437 (6th Cir. 2020) (reviewing for plain error challenge to denial of First Step Act motion

resentencing," *United States v. Murphy*, 998 F.3d 549, 552 (3d Cir. 2021), so as "to reflect the retroactive application of the Fair Sentencing Act[,]" *Concepcion v. United States*, No. 20-1650, --- S. Ct. ----, 2022 WL 2295029, at *10 & n.6 (U.S. June 27, 2022). With that amended range in mind, the court must then "consider all of the § 3553(a) factors to the extent they are applicable." *United States v. Easter*, 975 F.3d 318, 323 (3d Cir. 2020). Seabrookes claims that the District Court erred in the latter inquiry by failing to consider that, had section 401 been in effect at his original sentencing, he would have faced at most forty years in prison – and not a life sentence. He does not dispute that the Fair Sentencing Act did not impact his sentencing range, and he admits that our precedents preclude applying section 401 of the First Step Act retroactively. But Seabrookes nonetheless argues that, in its § 3553(a) analysis, the Court should have exercised its discretion to take into consideration the changed legal landscape governing drug offense sentences.

Relevant to his argument is the Supreme Court's recent decision in *Concepcion v. United States*, which held that "a district court adjudicating a motion under the First Step Act *may* consider … intervening changes of law[.]" 2022 WL 2295029, at *4, *12 (emphasis added). But *Concepcion* only takes Seabrookes so far. That decision determined that the First Step Act permits – but "does not compel" – district courts to take into account legal developments postdating the defendant's original sentencing. *Id.*

---

where defendant argued that the district court failed to consider evidence that he "never asked th[at] court to consider").

And the Court instructed that district courts are "require[d] … to consider intervening changes *when parties raise them*." *Id.* at \*4 (emphasis added).

Although the argument was available to him, Seabrookes never asked the District Court to exercise its discretion to consider that section 401 had narrowed the range of prior convictions that could be used to enhance a sentence. His initial brief in support of his motion for a sentence reduction claimed that he would have faced at most a forty-year sentence if originally sentenced under the First Step Act, but he made no reference to section 401 and did not argue that his past conviction no longer qualified as a predicate for sentencing enhancement under the Act. *See FTC v. AbbVie Inc.*, 976 F.3d 327, 368 n.3 (3d Cir. 2020) (holding that a litigant does not preserve for appellate review "arguments raised in passing … but not squarely argued[]" (citation omitted)), *cert. denied*, 141 S. Ct. 2838 (2021). And his supplemental brief made just two arguments in favor of a sentence reduction: first, that we (or the Supreme Court) should overrule *Hodge* and make section 401 retroactive, and second, that the § 3553(a) factors supported reducing his sentence. Nowhere in his briefing did Seabrookes ask the District Court to take section 401 into account in its discretionary analysis under § 3553(a).[3]

Seabrookes's failure to properly raise the issue in the District Court dooms his claim. A district court deciding a motion under the First Step Act has an obligation to

---

[3] In its answering brief before us, the government pointed out Seabrookes's failure to preserve his argument. Seabrookes's only response on reply was to reassert his view that the abuse-of-discretion standard should apply to his claim. His lack of rebuttal confirms that there *is* no rebuttal to make, because he did not present the District Court with the same argument he pursues now.

7

consider nonfrivolous arguments presented by the parties, *Concepcion*, 2022 WL 2295029, at \*4, \*12, but the same does not hold true for issues not raised. In a § 3553(a) analysis, "[t]he court is not required to manufacture grounds for the parties or search for grounds not clearly raised on the record in a concise and timely manner." *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006).

Accordingly, "[t]he District Court did not commit error, let alone plain error," in not taking into account in its balancing of sentencing factors the changes effected by section 401. *Id.* And in conducting the "deferential appellate review" that the First Step Act mandates, *Concepcion*, 2022 WL 2295029, at \*12, we see no error, plain or otherwise, in the Court's application of the § 3553(a) factors or its determination that the extent and gravity of Seabrookes's history of violence and drug trafficking counseled against reducing his sentence.

### III.  CONCLUSION

For the foregoing reasons, we will affirm.