NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0495n.06

Case No. 22-3096

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Dec 02, 2022 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
|  | ) | THE NORTHERN DISTRICT OF |
| ROBERT PURTILO, | ) | OHIO |
|  | ) |  |
| Defendant-Appellant. | ) | OPINION |
|  | ) |  |

Before: BOGGS, STRANCH, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. After pleading guilty to possessing ammunition as a felon, defendant Robert Purtilo now challenges his sentence. Since Purtilo's sentencing enhancement was justified and his sentence reasonable, we affirm.

I.

Robert Purtilo is no stranger to the law. He's been convicted ten times in Ohio for offenses ranging from drug possession to evidence tampering. And when the following events occurred, Purtilo was on parole.

On August 12, 2020, Purtilo fled a traffic stop after he'd been observed in a suspected drug deal. A high-speed chase followed, ending in a car crash. Purtilo escaped on foot, but in his wrecked vehicle officers discovered live ammunition, an empty pistol holster, cash, and meth. Three months later, Purtilo was spotted at an Ohio motel. The police responded. Inside the room

where they'd been told to look for Purtilo, they discovered Purtilo and an unidentified woman. Officers also found 47 rounds of ammunition in the hotel room, as well as a loaded Taurus pistol hidden in the ceiling. Testing confirmed Purtilo's DNA on the Taurus's trigger and trigger guard. Its serial number had been obliterated.

Purtilo pled guilty to one count of possessing ammunition as a felon. *See* 18 U.S.C. § 922(g)(1); *id* § 924(a)(2) (2018), *amended by* 18 U.S.C. § 924(a) (2022). The Presentence Report ("PSR") set out Purtilo's conduct, described his personal history, and noted that Purtilo was subject to a sentencing enhancement under the U.S. Sentencing Guidelines for possessing the Taurus pistol because it had an obliterated serial number. At sentencing, the district court asked Purtilo and his lawyer if they'd discussed the PSR and were satisfied with it. Both said yes. Ultimately, the court gave Purtilo a within-Guidelines sentence. At no time did Purtilo object to the PSR, its Guidelines calculation, or any information it contained.

On appeal, Purtilo argues the court improperly enhanced his sentence and challenges the sentence as both procedurally and substantively unreasonable.

II.

Since Purtilo never challenged the sentencing enhancement below, we review only for plain error. *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). And that means Purtilo must identify an error that was obvious or plain. *United States v. Barber*, 966 F.3d 435, 437 (6th Cir. 2020). Moreover, he must show that this obvious error affected his substantial rights and that it seriously affected the fairness or integrity of the sentencing. *Id.* Purtilo must explain element by element how he meets this high bar. He doesn't carry this burden.

Under the Guidelines, a defendant faces a sentencing enhancement if he possesses a firearm with an obliterated serial number. *See* U.S.S.G. § 2K2.1(b)(4)(B). That's true even if the

defendant hasn't been charged for the firearm, so long as the firearm possession is "related" to the charged conduct. *See* U.S.S.G. § 1B1.3. And uncharged conduct is related to the charged conduct if it occurred as part of the "same course of conduct" or "common scheme or plan." *Id*. § 1B1.3(a)(2).

Purtilo argues that the district court should have made an express finding explaining the relationship between the Taurus and the ammunition. There was no need for the court to do so because the relationship was self-evident. Bullets aren't much use without a gun. Purtilo armed himself, and to do that he needed both bullets *and* the pistol, both of which were discovered in the hotel room with him. With a relationship as clear as this, the court had no duty to raise the issue unprompted. *See Gall v. United States*, 552 U.S. 38, 53–54 (2007); *United States v. Skouteris*, 51 F.4th 658, 671–72 (6th Cir. 2022). Had Purtilo objected, the court may have had to make additional findings. But since he didn't, the court's decision not to isn't plain error.

Next, Purtilo challenges the court's analysis under 18 U.S.C. § 3553 as procedurally unreasonable. *See* 18 U.S.C. § 3553(a). When sentencing, a court must consider the section 3553(a) factors and explain the reasons for its sentence. *Gall*, 552 U.S. at 51 (2007). The district court did. The court began by explaining how section 3553(a) worked and confirming that Purtilo understood. It then stated its reasons for the sentence at length, starting by explaining that it was taking "everything" into account. The court noted Purtilo's acceptance of responsibility and plans to learn a trade, and it balanced these considerations against Purtilo's ten prior convictions, his reckless flight and the danger it posed to the community, and the fact that Purtilo's parolee status had not deterred his latest crime. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C). After considering all these factors, the court settled on a within-Guidelines sentence.

Purtilo argues the court's analysis was deficient because it didn't expressly discuss his difficult upbringing. But while the court should consider all relevant section 3553(a) factors, it need not discuss or mention each one. *See United States v. Bolds*, 511 F.3d 568, 580–81 (6th Cir. 2007). The court conducted a holistic, reasoned analysis of relevant factors, and that is all that is required.

Finally, Purtilo argues that his sentence is substantively unreasonable given his difficult upbringing. A within-Guidelines sentence like this one is presumed reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007). Moreover, we must defer to the court's judgment if its reasoning justifies the sentence based on the section 3553(a) factors. *United States v. Zabel*, 35 F.4th 493, 509–10 (6th Cir. 2022). And here, it did. The court explained at length its reasons for giving Purtilo a within-Guidelines sentence. It considered his extensive criminal history, the fact that he was a parolee, and the danger his reckless flight from police posed to the community. *See* 18 U.S.C. § 3553(a)(1), (2)(A)–(C). It also accounted for mitigating circumstances, including his acceptance of guilt. This sentence is reasonable.

\* \* \*

We affirm.